**Ray Otis STRADER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45084.**

Court of Criminal Appeals of Texas.

June 14, 1972.

Rehearing Denied July 26, 1972.

Robert B. Maloney, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery by assault where the punishment, enhanced under Article 62, Vernon's Ann. P.C., was assessed at life imprisonment.

Initially, appellant complains that the court erred in admitting into evidence fruits of the search of his automobile, contending such evidence had been obtained by virtue of a warrantless search incident to an illegal arrest. The items apparently referred to were a money folder (or clip), and two billfolds.

Gary Ross Jordan testified that about 11:20 p. m. on September 2, 1969, the appellant and another man forced their way into his apartment in the City of Dallas and, at gun point, took from him approximately $41.00, a money clip, and two billfolds. Without objection, in the jury's presence, he identified the three exhibits as being the ones taken. When the exhibits were offered, the only objection was that "there was no showing of any chain of custody of these items." The exhibits were then admitted.

Jordan related that he gave to Dallas City Police a full description of the two men and the property taken.

Detective Sewell testified that the following day an informant came to the police department about 4 p. m. and gave him and other officers information about this particular robbery; that he did not know this informant, and had not previously received information from her; that the officers questioned her for more than one hour

in an effort to establish her credibility; that the informant told the officers one of the robbers was known as "Ray", gave a description of the car used by "Ray" and offered to take the officers to the apartment house frequented by "Ray". Thereafter, in company of the informant, Sewell and two other officers went to the apartment house in question and the informant pointed out the car in question on the parking lot and then the informant left. The officers kept the car under surveillance and about 6:45 p. m., saw the appellant and another man get into the car. They matched the descriptions available to the police. The officers also observed that the back seat of the car was filled with suitcases and clothing and "was packed for traveling." The officers followed the car driven by the appellant and stopped it a short time later. A search of the car for weapons revealed Jordan's money clip and the billfolds in the glove compartment. The items matched the description earlier given the police.

Sewell explained that when they went to the location, they did not know there was to be a search, and, after the unraveling events, there was no time to get a warrant when the appellant and his companion got in the car "packed for traveling" and departed.

Testifying in his own behalf, the appellant denied the robbery and claimed an alibi by relating that he was at the Hearts Club up until 11 p. m. on the date in question. He acknowledged that the club, the place he lived and Jordan's apartment were within a radius of three or four blocks of each other.

He related that he and his companion were on their way to Phoenix, Arizona, and disclaimed any knowledge of how the money clip and billfolds came to be in the glove compartment of his car, which, on direct examination, he admitted were found by the officers.

First, when the items were admitted into evidence, the only objection was as to "chain of custody." We know of no requirement that a victim of a robbery may not identify items taken from him and the same be introduced unless the prosecution traces the chain of custody from the time of the robbery to the time of the trial.[1]

Second, appellant's complaint is directed to the testimony of Officer Sewell that the items were found in the car appellant was driving. We call attention to Article 14.04, Vernon's Ann.C.C.P., which provides:

"Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused."

In the instant case, the officers knew that a robbery had been reported by Jordan, a private investigator, who had given a full description of the men involved and the property taken. Additional information had been received from an informant. In the course of the investigation, the officers observed the appellant leaving in a car, "packed for traveling."

■ We conclude the officers had probable cause for the arrest and the right to search incident thereto, and had authority to search the glove compartment of the automobile appellant was driving when arrested.

Therefore, we need not decide whether appellant waived any objection to the warrantless search by his own testimony as to the finding of the items by the officers, even though he disclaimed any knowledge of them. Cf. Brown v. State, 457 S.W.2d 917 (Tex.Cr.App.1970).

■ The appellant next contends the court "erred in admitting the in-court iden-

1. After the introduction of the items, Jordan testified that he had recovered the items from the police station.

tification of appellant because the identification was the product of a line-up held in the absence of counsel, and said identification was the product of a line-up which was the fruit of an illegal arrest."

Prior to admitting Jordan's in-court identification, the court conducted a separate hearing in the absence of the jury. Jordan testified he observed the appellant in a lineup but that his identification was based on his observations at the time of the alleged offense; and the lineup did not influence his ability to identify the appellant. No effort was made to show that appellant was without counsel at the time of the lineup. The court held the in-court identification to be "based solely on what the witness saw at time of offense."

Jordan then made an in-court identification of the appellant in the presence of the jury.

Subsequently, in the absence of the jury, appellant called Officer Poe, who related that appellant had no counsel at the lineup, but testified the appellant had been given his "Miranda" warnings twice at the scene and once at the station and had been carried before a magistrate prior to the lineup. He further testified the appellant had signed a written waiver of counsel before the lineup was conducted, although the written waiver had been lost or misplaced.

Under the circumstances, we find no merit in appellant's contention.

 Still further, appellant complains of the admission of the record of appellant's prior convictions into evidence, claiming such exhibits were not properly certified. On direct and cross examination, the appellant admitted certain prior convictions. The State then offered the exhibits complained of. Upon objection, the State urged their admission only to show its good faith in questioning the appellant about the same and for that limited purpose. As to two of the five exhibits, appellant's counsel withdrew his objection as to "certification." In light of appellant's

testimony as to the prior convictions, we perceive no reversible error.

Appellant also complains that the prior conviction of breaking and entering a coin-operated machine was not a like offense to robbery by assault and was not available for enhancement of punishment under the provisions of Article 62, supra. Cherry v. State, 447 S.W.2d 154 (Tex.Cr. App.1969), has been decided contrary to his contention.

Appellant's remaining grounds of error are not briefed, nor is argument advanced, nor is our attention called to any portion of the record which might support the same. Such grounds of error are not in compliance with Article 40.09, § 9, Vernon's Ann.C.C.P. Nothing is presented for review.

The judgment is affirmed.