**Don Erwood DAVISON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48474.**

Court of Criminal Appeals of Texas.

June 12, 1974.

Charles W. Tessmer and Ronald L. Goranson, Dallas, on appeal only, for appellant.

Henry Wade, Dist. Atty., Richard W. Wilhelm, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction for statutory rape. A jury having found appellant to be guilty of this offense, his punishment was assessed by the court at twenty-five (25) years' confinement in the Texas Department of Corrections.

The sufficiency of the evidence is not challenged. Suffice it to say the record reflects that appellant raped the 14 year old prosecutrix on December 30, 1970, at her home in Dallas County while he was there working as a plumber.

Appellant, who did not testify at the guilt-innocence stage of the trial, complains in his first ground of error that the trial court erred in refusing to allow him to explain "his actions" at the penalty stage of the trial when he took the stand.

The record reflects the following on appellant's direct examination:

"Q  Do you have any statement you would like to make to the Judge regarding the facts of this case?

"A  Well, I think I can say the Jury's right to a certain extent I was guilty.

"Q  Do you feel, when you say, 'to a certain extent', would you say there was some provocation on the part of that girl, that she looked older?

"MR. GAY: We object to going into that.

"THE COURT: Sustain the objection.

"Q  (by Mr. Finstrom) You did not anticipate you would have any problems of this nature?

"A  No, sir."

Appellant urges that appropriate relief for the alleged error would be only a remand for another penalty hearing before the trial court since the error related only to the punishment hearing. See, e. g., Miller v. State, 472 S.W.2d 269 (Tex.Cr. App.1971); Brumfield v. State, 445 S.W. 2d 732 (Tex.Cr.App.1969); Wheat v. State, 442 S.W.2d 363 (Tex.Cr.App.1969);

Baker v. State, 437 S.W.2d 825 (Tex.Cr. App.1969) ; Johnson v. State, 436 S.W.2d 906 (Tex.Cr.App.1968). With this we agree.

■ We are unable, however, to evaluate appellant's contention since he did not perfect his bill of exception nor proffer proof in accordance with Article 40.09, Section 6(d)(1), Vernon's Ann.C.C.P.,[1] to show what his testimony would have been if he had been permitted to testify as to the specific matters in question. Nothing is therefore presented for review. Lyons v. State, 503 S.W.2d 254 (Tex.Cr.App. 1973). See also Coronado v. State, Tex. Cr.App., 508 S.W.2d 373 (April 24, 1974) ; Duran v. State, 505 S.W.2d 863 (Tex.Cr. App.1974) ; Ashford v. State, 502 S.W.2d 27 (Tex.Cr.App.1973).

Next, appellant contends the trial court's consideration of his alleged criminal record was fundamentally erroneous. This ground of error is based on appellant's claim that during the penalty stage of the trial the State introduced some indictments, judgments and sentences from prior convictions without identifying him as the person so previously convicted. At the commencement of this phase of the trial the prosecutor "offered" State's Exhibits One through Five. The first three included copies of indictments, judgments and sentences certified by the district clerk reflecting that a Don Erwood Davison had been twice convicted of the felony offense of driving while intoxicated and once for felony theft. Exhibits Four and Five, apparently some type of uncertified docket sheets from county courts, reflect three convictions for the misdemeanor offense of driving while intoxicated of a Don Erwood Davison. Without obtaining a ruling on his offer of the said exhibits, the prosecutor then sought a stipulation as to a dangerous drug conviction, to which appel-

lant's counsel replied "Do you rest?" and the prosecutor rested.

Immediately thereafter, the appellant took the witness stand and testified on direct examination as follows:

"Q Your name is Don Erwood Davison?

"A That's right.

"Q You are the Defendant in this case tried here and you have been found guilty of the offense of statutory rape. Are you one and the same person?

"A Right.

"Q You heard the Prosecutor admit all these offenses into evidence and the record shows that you have once before gone to the penitentiary for the offense of theft over the value of $50, is that correct?

"A That's true.

"Q Then you went to the penitentiary one time for six months on a DWI, second offense?

"A That's correct.

"Q Prior to that you had three or four misdemeanor DWI's?

"A That's right.

"Q And you also paid a fine back, I believe, in 1956 for possession of dangerous drugs?

"A That's true."

■ Appellant's testimony regarding "all these offenses" which the prosecutor "admitted" reflects one felony theft conviction, one felony driving while intoxicated conviction, three or four misdemeanor convictions for driving while intoxicated, and a conviction for possession of dangerous

1. In Marrero v. State, 500 S.W.2d 818 (Tex. Cr.App.1973), the trial court improperly refused to hear evidence in mitigation of punishment, and refused to allow the defendant to perfect his bill of exception. The error was preserved by the tender of proof by defense in accordance with Article 40.09, Section 6(d) (1), Vernon's Ann.C.C.P.

drugs. A close comparison of the convictions offered by the State and admitted by the appellant shows only a possible discrepancy as to one felony driving while intoxicated conviction, but even this might not be a discrepancy in light of appellant's testimony of "That's true" to the question about "all these offenses." It must be remembered that a judicial admission has been held sufficient to show that an accused is the same person previously convicted. Cain v. State, 468 S.W.2d 856 (Tex.Cr.App.1971); Jones v. State, 500 S.W.2d 661 (Tex.Cr.App.1973).[2] See also Strader v. State, 482 S.W.2d 226 (Tex.Cr.App.1972).

▮ The State's "offer" of certain documents bearing on prior convictions which were not shown to have been admitted without further evidence showing the appellant to have been the person so previously convicted would not have authorized the trial court to have considered such convictions, but the appellant's subsequent testimony did authorize the trial court's consideration of the same, regardless of the lack of interrogation as to cause numbers, courts, dates, etc., which would have been highly desirable. It is difficult to understand why a prosecutor in the situation here presented would not have, on cross-examination, tied the prior convictions admitted to cause numbers, courts, dates, etc., but the failure to do so is not reversible error under the circumstances here presented.

▮ If it be appellant's contention that prior convictions admitted in his judicial confession were not the same as the prior convictions reflected by the State's exhibits, it is noted that it is presumed that, since the penalty stage was being tried before the court, the court disregarded any inadmissible evidence in reaching its decision. Hattersley v. State, 487 S.W.2d 354

(Tex.Cr.App.1972); Gamboa v. State, 481 S.W.2d 423 (Tex.Cr.App.1972).

Appellant's final contention is that he was denied his right to a speedy trial. The record reflects that appellant was indicted on March 22, 1971, and that on April 19, 1971, his bond was forfeited. Appellant remained a fugitive until his arrest more than a year later on May 1, 1972. On April 24, 1973, he filed a Motion for Speedy Trial, and the trial was held on May 9, 1973. Two periods of time are relevant to the resolution of this issue. One is the one year and nine day interval between appellant's arrest and trial. The time prior to that cannot fairly be charged against the State since appellant was at large. The other pertinent period of time is the 16 days between appellant's Motion for Speedy Trial and the trial itself.

▮ The test for ascertaining whether the right to speedy trial has been denied is a balancing test based upon at least four criteria: (1) the length of the delay; (2) the reason for the delay; (3) the accused's assertion of his right; and (4) the prejudice to the accused. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); Pete v. State, 501 S.W.2d 683 (Tex.Cr.App.1973); McKinney v. State, 491 S.W.2d 404 (Tex.Cr.App.1973). During its present term, the Supreme Court of the United States has emphasized that none of these four criteria have "talismanic qualities," and, in particular, that a showing of prejudice is not sine qua non to demonstrating a denial of the right of speedy trial. Moore v. Arizona, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973).

▮ As this court has previously recognized, application of a balancing test results in each case being determined on an ad hoc basis. Turner v. State, 504 S.W.2d 843 (Tex.Cr.App.1974). Resort to the balancing test indicates that slightly more that

---

2. But compare *Cain,* supra, opinion on rehearing, holding judicial admission to "those offenses" was insufficient where specific offenses were not mentioned and the witness on cross-examination denied knowledge of offenses relied upon by the State.

one year elapsed from the date of appellant's arrest until the date of his trial. This period of time does not by itself show a denial of the right to speedy trial. Indeed, substantially longer periods of time have been held not to deny the right. Compare: Tatum v. State, 505 S.W.2d 548 (April 17, 1974). See also: George v. State, 498 S.W.2d 202 (Tex.Cr.App.1973); Harris v. State, 489 S.W.2d 303 (Tex.Cr. App.1973). The reason for the delay does not appear from the record, but there is no indication of a deliberate delay on the part of the court or the prosecution. As has been seen already, appellant received his trial in just over two weeks after his first and only assertion of his right. Finally, there is absolutely no showing that any prejudice or harm has accrued to appellant as a consequence of the delay in his case. The ground of error is overruled.

The judgment is affirmed.