**Jesus FLORES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00014–CR.**

Court of Appeals of Texas,
San Antonio.

Nov. 18, 1981.

Rehearing Denied Dec. 17, 1981.

Discretionary Review Refused
March 10, 1982.

 

John R. Heard, San Antonio, for appellant.

Bill White, Dist. Atty., Douglas V. McNeel, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before KLINGEMAN, CLARK and BASKIN, JJ.

## OPINION

BASKIN, Justice.

This is an appeal from a conviction for aggravated robbery. Jesus Flores was found guilty by a jury and sentenced by the court to serve ninety-nine years in the Texas Department of Corrections. Appellant does not here question the validity of the finding of guilt but instead assigns as error a violation of his right to speedy trial under the Sixth and Fourteenth Amendments to the Constitution of the United States.

The offense that underlies this appeal occurred on October 14, 1974, for which appellant was indicted on February 18, 1976. Flores first learned of the indictment when it was served upon him on March 9, 1977, while he was incarcerated in a California penal institution. He was brought to trial on July 12, 1977.

The Sixth Amendment guarantee of an accused's right to a speedy trial protects a fundamental right and is made obligatory on the states by the Fourteenth Amendment. The right is as fundamental as any right secured by the Sixth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 225, 87 S.Ct. 988, 994, 18 L.Ed.2d 1 (1967); *Dickey v. Florida*, 398 U.S. 30, 90 S.Ct. 1564, 20 L.Ed.2d 26 (1970).

The standard for ascertaining whether the right to speedy trial has been violated is a balancing test based on at least four criteria: (1) length of delay; (2) reason for delay; (3) the accused's assertion of the right; and (4) prejudice to the accused. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Davison v.*

*State*, 510 S.W.2d 316 (Tex.Cr.App.1974). Of these, no single factor, standing alone, is regarded as either a necessary or sufficient condition to the finding of a deprivation of the right, *Barker v. Wingo, supra*, 407 U.S. at 533, 92 S.Ct. at 2193; but we must balance all of those factors, as well as others which may be material.

Application of the balancing test must be done on an *ad hoc* basis and the differing circumstances of each case will necessarily weigh in the court's decision. *Turner v. State*, 504 S.W.2d 843 (Tex.Cr.App.1974). We now examine appellant's claim in light of the foregoing criteria.

■ The length of delay serves in part as a "triggering" mechanism to determine if the right has been violated. *Barker v. Wingo, supra*, 407 U.S. at 530, 92 S.Ct. at 2192. Until there is sufficient delay which is presumptively prejudicial, there is no need to consider the remaining factors. When considering the length of delay, the time period is measured from the time the defendant became accused. *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *George v. State*, 498 S.W.2d 202 (Tex.Cr.App.1973); *Green v. State*, 555 S.W.2d 738 (Tex.Cr.App.1977). The delay that can be tolerated varies with the circumstances of each case. For example, a delay of nine months may be "wholly unreasonable" under the circumstances. *Barker, supra*, 407 U.S. at 528, 92 S.Ct. at 2191. Conversely, delays of two years and seven months, *McCarty v. State*, 498 S.W.2d 212, 215 (Tex.Cr.App.1973) and three years and eight months, *Swisher v. State*, 544 S.W.2d 379, 381 (Tex.Cr.App.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 734, 50 L.Ed.2d 749 (1977), have been acceptable.

The delay in this case is not, per se, a violation of the right to a speedy trial, but it is of sufficient length to require us to proceed beyond the threshold question of length of delay. *Barker v. Wingo, supra; McKinney v. State*, 491 S.W.2d 404 (Tex.Cr. App.1973).

The State offered no reason for the delay in the case at bar. Since the burden of excusing delay lies with the State, we must presume that no valid reason existed in light of the silent record. *Turner v. State, supra*, at 137–38. Although we do not condone the unexplained delay by the prosecution in bringing this accused to trial, the delay alone does not require relief.

■ The third factor to be balanced is whether the appellant promptly asserted his right to a speedy trial. Such an assertion is entitled to strong evidentiary weight in determining whether or not appellant was deprived of his constitutional right to a speedy trial. *Barker v. Wingo, supra*, 407 U.S. at 531, 92 S.Ct. at 2192. On April 26, 1977, less than two months after he learned of the indictment, appellant moved to dismiss the proceedings against him, alleging a violation of his right to a speedy trial, but he did not demand an immediate trial. Prior to trial, appellant reurged his motion for dismissal but it was denied by the trial court. In analyzing appellant's motions, it is clear that his prime objective was not to gain a speedy trial but to have the charges against him dismissed. While these motions did notify prosecutors of appellant's complaint, they are not as compelling as a direct demand for a speedy trial. *See McCarty v. State*, 498 S.W.2d 212, at 215–16. Finally, appellant was promptly tried commencing July 12, 1977, less than two months after his first motion for dismissal.

The fourth factor to be balanced is the prejudice incurred by appellant as a result of the delay. The court in *Barker* focused on three interests that must be considered in determining the existence or non-existence of prejudice: the prevention of oppressive pretrial incarceration; the minimization of the anxiety of the accused; and the limitation of the possibility that the defense of the accused will be impaired. Of these, the most serious is inability of a defendant adequately to prepare his case, as it "skews the fairness of the entire system." *Barker, supra*, 407 U.S. at 532, 92 S.Ct. at 2193.

Appellant's claim of prejudice rests upon his assertion that the delay impaired his defense by dimming the memories of two witnesses which he felt would support his

alibi. At trial, appellant's wife testified that she was with her husband at the time of the incident made the basis of the prosecution. Seeking to corroborate this testimony, appellant called a police officer who testified that at some time in the past he had seen appellant's wife in company with a man in the area of Southwest Military Drive, but he could not recall when he saw her nor the identity of the man. Appellant offered no evidence that the officer saw him and his wife on the occasion in question.

Similarly appellant called as a witness an automobile salesman. The salesman testified that he did not know whether he saw appellant on the day in question; and appellant adduced no evidence to the contrary.

Any presumption that the police officer or automobile salesman would have substantiated appellant's alibi but for the delay is no more than speculation. This is particularly true when it is remembered that more than a year elapsed between the date of the crime and the date of the indictment. Such general allegations of failure of memory are insufficient to establish prejudice: *United States v. Avalos*, 541 F.2d 1100 (5th Cir. 1976); *United States v. Shepherd*, 511 F.2d 119 (5th Cir. 1975); *United States v. McGough*, 510 F.2d 598 (5th Cir. 1975).

We hold that appellant has failed to show a violation of his constitutional right to a speedy trial.

Appellant has additionally filed several pro se briefs. Appellant was represented on appeal by counsel who filed a brief in this case. There is no right to hybrid representation. *Landers v. State*, 550 S.W.2d 272 (Tex.Cr.App.1977); *Rudd v. State*, 616 S.W.2d 623 (Tex.Cr.App.1981). An examination of the contentions asserted in the pro se briefs reveals no error that should be considered in the interests of justice.

Judgment affirmed.