**Robert L. LISTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–81–090–CR.**

Court of Appeals of Texas, Texarkana.

June 8, 1982.

On November 23, 1979, Lister and three companions went to a house in Longview. On the way Lister discussed "ripping off" the persons at the house. When they arrived several men and women were there, including Zeferino Rojas. The group listened to music, drank beer, and gambled. During the course of the evening one of Lister's companions, Bobby Davis, hit Rojas in the back of the head with a pistol. A brief struggle ensued, during which Rojas was shot in the head and killed. Lister demanded money from the other people at the house. He took the money, a stereo, then left.

Lister was indicted for murder and aggravated robbery. The State proceeded to trial on aggravated robbery. The jury returned a verdict of guilty and assessed punishment.

■ Several grounds of error concern the specific wording of the jury instructions. Lister contends that the definition of a deadly weapon contained in the word "firearm" rather than "handgun" as alleged in the indictment; that the definition of the theft used the words corporeal property rather than money of the United States as alleged in the indictment, and that the definition of property was used rather than money of the United States as alleged in the indictment. The definitions that were used in the charge are taken from the Texas Penal Code Annotated (Vernon 1974) as follows: Deadly Weapon § 1.07(a)(11)(A); Theft § 31.03(a); Property § 31.01(6)(B) and (C). Although the statements and definitions used in the charge are different from those alleged, we find no reversible error. Any differences between the statements and definitions of the indictment and charge are adequately explained in the court's charge. *Sandig v. State*, 580 S.W.2d 584 (Tex.Cr.App.1979); *Toler v. State*, 546 S.W.2d 290 (Tex.Cr.App.1977). The judge's instructions limited jury deliberations to the allegations found in the indictment and therefore the instructions do not contain reversible error.

■ Another ground of error raised by Lister is that the trial court did not proper-

Harry Heard, Longview, for appellant.

Ebb Mobley, Dist. Atty. pro tem, Mobley, Green, Harrison & Gardner, Longview, for appellee.

BLEIL, Justice.

Robert Lister appeals his aggravated robbery conviction. Sentence is thirty-five years confinement. The issues on appeal are whether the court properly instructed the jury and whether Lister's motion for new trial based on jury misconduct should have been granted. We decide all issues in favor of the State and affirm the judgment.

ly apply the law to the facts of the case. Our review of the record reveals that no objection of this nature was made during the trial. Therefore this ground of error is not properly presented. Tex.Code Crim. Pro.Ann. art. 36.19 (Vernon 1981). Moreover, an objection complaining that the charge fails to adequately apply the law to the facts is not specific enough to apprise the court of a specific complaint and presents nothing for our review. *Bilbrey v. State*, 594 S.W.2d 754 (Tex.Cr.App.1980); Tex.Code Crim.Pro.Ann. art. 36.14 (Vernon Supp.1982).

■ Jury misconduct was asserted as the basis of a motion for new trial. Lister claimed that a note sent out by the jury clearly demonstrated that they were considering extraneous and improper matters during their deliberation. The record reveals that the jury sent a note asking about Lister's age, the consequences of failure to arrive at a unanimous verdict, Lister's prior record, and whether he had served a previously assessed five year sentence. Lister urges that this note alone requires a new trial. We disagree. A motion for new trial is not self-proving. Although there was a motion for new trial filed there was no hearing on it nor was any evidence given to the trial court for its consideration. Issues of jury misconduct raised in a motion for new trial are to be determined by the trial court and will not be reversed absent an abuse of discretion. *Hunt v. State*, 603 S.W.2d 865 (Tex.Cr.App.1980); *McIlveen v. State*, 559 S.W.2d 815 (Tex.Cr.App.1977). We find no abuse of discretion on the part of the trial court.

■ Lister has submitted a pro se brief raising additional grounds of error. His legal counsel on appeal filed a brief which we have considered. He has no right to hybrid representation. *Rudd v. State*, 616 S.W.2d 623 (Tex.Cr.App.1981); *Landers v. State*, 550 S.W.2d 272 (Tex.Cr.App.1977); *Flores v. State*, 625 S.W.2d 44 (Tex.App.— San Antonio 1981, pet. ref'd). Additionally, examination of the contentions asserted in the pro se brief reveals no error that should be considered in the interest of justice.

■ We have reviewed all of the points raised and determined that there was no error in the judgment. However, there was error in pronouncing judgment and sentence upon the appellant. For this reason, the judgment and sentence are reformed to delete all references to murder so that the judgment and sentence shall reflect that the defendant has been adjudged to be guilty of aggravated robbery.

As reformed, the judgment is in all things affirmed.