# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00478-CR

**Edward Charles Smith, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY
### NO. 526139, HONORABLE JAN BRELAND, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Edward Charles Smith appeals from his conviction for driving while intoxicated (second offense). *See* Tex. Pen. Code Ann. '' 49.04, .09 (West 2003). After a plea of no contest, the court found him guilty and sentenced him to 120 days in the Travis County Jail with a driver=s license suspension of six months. In one issue on appeal, appellant contends that he was denied his constitutional right to a speedy trial. We will affirm the conviction.

A defendant has the right to a speedy trial under both the United States and Texas constitutions. U.S. Const. amends. VI, XIV; Tex. Const. art. I, ' 10; *Barker v. Wingo*, 407 U.S. 514, 515 (1972).[1] When reviewing a trial court=s decision to grant or deny a speedy trial claim, we defer to the

---

[1] Although the Texas and Federal rights to speedy trial are separate and distinct, interpretation and application of the Sixth Amendment right to speedy trial by the federal courts serve as a useful guide to the interpretation of the Texas constitutional right to speedy trial. *Chapman v. Evans*, 744 S.W.2d 133, 135

court=s findings of fact but review de novo its application of the law to those facts. *See State v. Munoz,* 991 S.W.2d 818, 821 (Tex. Crim. App. 1999); *Johnson v. State,* 954 S.W.2d 770, 771 (Tex. Crim. App. 1997). We must balance four factors: length of the delay, reason for the delay, assertion of the right, and prejudice to the accused. *Barker,* 407 U.S. at 530; *Johnson,* 954 S.W.2d at 771. No one of these factors is necessary or sufficient in itself to establish a speedy trial violation. *Barker,* 407 U.S. at 533. Evidence bearing on each factor must be considered and weighed on a case by case basis, and a balance must be struck based on the circumstances of the particular case. *Id.* at 530. The length-of-delay factor has a dual function. First, the delay must be of a length sufficient to raise a presumption of prejudice and thereby trigger further analysis. *Doggett v. United States,* 505 U.S. 647, 651-52 (1992). If presumptive prejudice is established, the length of delay is then considered as it bears on the other factors. *Id.*

Appellant claims that his constitutional right to a speedy trial was violated because of the length of time that elapsed from his arrest for this offense in December 1998 until his trial in June 2002. He argues that this delay raises a presumption of prejudice. The State responds that appellant was released from jail within twenty-four hours of his arrest on a personal bond, later failed to appear in court, and forfeited the bond. The State argues that the timetable for considering the length of the delay does not begin with appellant=s December 1998 arrest, but with his re-arrest in May 2002.

---

(Tex. Crim. App. 1988). Appellant offers no separate and distinct analysis of the Texas constitutional grounds and does not urge that the protections are different.

The Texas Court of Criminal Appeals has held that the time between a bond forfeiture and re-arrest cannot be fairly charged to the State in a speedy trial analysis. *See Davison v. State*, 510 S.W.2d 316, 319 (Tex. Crim. App. 1974). The application of *Davison* to these facts would mean that there was only a month=s delay between arrest and trial, a delay not sufficient to trigger a *Barker* analysis. Were we to apply *Barker*=s balancing test, however, appellant=s claim still fails.

Even if we accept appellant=s claim that the entire amount of time between his initial arrest and trial should be counted in the speedy trial analysis, the Areason for the delay@ factor weighs heavily against him. Delay attributable in whole or in part to the defendant may constitute a waiver of a speedy trial claim. *See Barker*, 407 U.S. at 529; *Munoz*, 991 S.W.2d at 822; *Rivera v. State*, 990 S.W.2d 882, 890 (Tex. App.CAustin 1999, pet. ref=d).

Appellant failed to make a scheduled court appearance.[2] At the hearing on his motion to dismiss, appellant argued that the court could have contacted him at any time because he lived in Dimebox, a small town where everybody knew him. He testified that the sheriff and most of the deputies in Giddings,

_____

[2] On at least one other occasion, appellant failed to appear, but called and offered an excuse and was rescheduled. His excuse, however, was that he had car trouble. He had previously filled out an Aignition interlock@ form at the time of his probation and claimed that he had no car. This may have injured his credibility with the court when he explained his final non-appearance by stating that he had retained an attorney, whose name he could not remember, who told him that the attorney had negotiated a plea and appellant did not have to appear before the judge again. The court told appellant that the dates reflected in its file showed appellant appearing without counsel at that time.

the location of the nearest police department, knew him. He also said that various relatives listed on the bond could have contacted him. Further, in May 2001, he was arrested in Bell County and jailed for a month until released to Waller County because of an outstanding warrant for an unpaid speeding ticket. Appellant urges that Travis County could easily have located him.

Appellant was released on the terms of a personal bond. He was aware of the charges against him and promised to Aappear before any court or magistrate before whom this cause may hereinafter be pending at any time and place as may be required.@ His bond gave an Austin, not a Dimebox, address. When arrested in Bell County, Smith gave a false name, an act that allows the reasonable inference that he was actively attempting to avoid arrest on outstanding warrants in Travis and Waller counties.

The record shows that the delay was due in the greatest part to the actions of appellant in failing to appear for a court date as required by the terms of his bond. Accordingly, the length of delay and reason for delay factors weigh against appellant in the balancing test. *See Barker*, 407 U.S. at 529.

The third factor to consider is appellant=s assertion of the right to speedy trial. *See Barker*, 407 U.S. at 531; *Rivera*, 990 S.W.2d at 890-91. Appellant had a responsibility to assert his right to a speedy trial. *Barker*, 407 U.S. at 531; *Rivera*, 990 S.W.2d at 890. A failure to assert the right in a timely and persistent manner implies that a defendant did not really want a speedy trial. *Harris v. State*, 827 S.W.2d 949, 957 (Tex. Crim. App. 1992); *Rivera*, 990 S.W.2d at 891. In such a case, this factor weighs against the defendant. *See Rivera*, 990 S.W.2d at 891; *Sinclair v. State*, 894 S.W.2d 437, 440 (Tex. App.CAustin 1995, no pet.). In this case, appellant filed a motion to dismiss based on a failure to give him a speedy trial, but did not request a speedy trial. Although a motion to dismiss may notify the State and the

**4**

court of a speedy trial claim, a defendant≈s motive in asking for dismissal rather than for a speedy trial is relevant and may attenuate the strength of the claim. *See Phillips v. State*, 650 S.W.2d 396, 401 (Tex. Crim. App. 1983); *Rivera*, 990 S.W.2d at 891. A review of the record from the hearing on the motion to dismiss shows that appellant never, even in the alternative, asked for a speedy trial, but only for a dismissal. Accordingly, his assertion of the right was such that it attenuates his claim that he wanted a speedy trial. *See Rivera*, 990 S.W.2d at 890-91 (motion to dismiss based on eighteen years between indictment and arrest/trial was not direct demand for speedy trial).

The last of the *Barker* factors is the prejudice to the defense from the delay. The prejudice factor should be considered in light of the interests that a speedy trial was designed to protect: to prevent oppressive pre-trial incarceration; to minimize anxiety and concern resulting from the charges; and to limit the possibility that the defense would be impaired. *Barker*, 407 U.S. at 532; *Rivera*, 990 S.W.2d at 891. Of these, the most important is the possible impairment of the defense, because the accused≈s inability to prepare adequately skews the fairness of the entire system. *Barker*, 407 U.S. at 532. The defendant has the initial burden of showing that he was prejudiced by trial delay. *Harris v. State*, 489 S.W.2d 303, 308 (Tex. Crim. App. 1973).

The first interest is not implicated, as appellant was out on bond during the time before trial. With regard to the second interest, appellant testified that he was anxious about what would happen with these charges and concerned about his license suspension. However, appellant took no steps to follow up on the disposition of the charges. Although appellant may not have had the duty to bring himself to trial, he could have alleviated some of his anxiety if he had simply called the number he called when he needed to

**5**

explain his previous non-appearance and inquired about his status. Further, his anxiety about the pending charge and license suspension were not so severe as to stop him from continuing to drive. Finally, with respect to the third interest, appellant did not develop a case with regard to impairment of his ability to present a defense. On cross-examination, he said that no one was with him in the car at the time of the offense and he knew of no witnesses, so there was no loss of witnesses or lapsed memories to impair his defense. In the motion to dismiss, counsel mentioned that the lapse of time meant defendant=s own experts could not test the intoxilyzer used, but that argument was never developed at the hearing. Overall, appellant did not show that the prejudice factor weighs in his favor.

Based on *Davison* and the record in this case, no *Barker* analysis was required. *See Davison*, 510 S.W.2d at 319. However, an application of the *Barker* factors results in the conclusion that appellant did not establish that he has been denied his right to a speedy trial. Accordingly, we overrule appellant=s only issue presented and affirm his conviction.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: May 8, 2003

Do Not Publish

**6**