NUMBER 13-04-400-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

THE
STATE OF TEXAS,                                             Appellant,

 

                                           v.

 

ARNOLD
SAAVEDRA,                                                Appellee.

 

 

 

                  On appeal from the 117th
District Court

                           of Nueces
County, Texas.

 

 

 

                     MEMORANDUM OPINION[1]

 

                Before
Justices Rodriguez, Castillo, and Garza

                  Memorandum Opinion by Justice Castillo

 








The trial court
granted appellant Arnold Henry Saavedra's motion to dismiss for pre-indictment
delay.  By one issue, the State asserts
that the trial court abused its discretion in dismissing the indictment because
Saavedra did not prove that the eight-and-one-half month delay between the
arrest and indictment was prejudicial. 
We reverse and remand.

I.  COMPLAINT OF PRE-INDICTMENT DELAY

Saavedra and Eric Sanchez were arrested on March 31,
2003, for possession of cocaine. 
Saavedra was released on bond.  Approximately
four months later, Sanchez was indicted on July 24, 2003.[2]  Approximately five months after that date,
Saavedra was indicted on December 17, 2003.[3]  On January 7, 2004, Saavedra was arraigned.  The trial court set the case for trial on
February 17, 2004.  On Saavedra's motion,
the trial setting was continued.  On
March 25, 2004, Saavedra filed a motion to dismiss the indictment for lack of
speedy trial.  The trial court convened a
hearing on July 12, 2004, on Saavedra's motion to dismiss.  The ground asserted at the hearing for
purposes of dismissal of the indictment was that the delay between the time of
the arrest and the indictment, approximately eight and one-half months,
violated his right to a speedy trial.[4]    








At the hearing, the trial court took judicial notice
of the trial court record.  The parties
stipulated that Diego Rivera, a crime scene technician, examined the contraband
in this case and could find no usable prints. 
The State called the court manager, who testified that she contacted
defense counsel's office about a setting for trial, apparently for a hearing on
the speedy trial motion.  She received
notice that defense counsel was in a federal court jury trial.  

Eric Sanchez testified for the defense that the
vehicle Saavedra and he were in when arrested was his, but registration was in
his mother's name.  He also testified
that the vehicle was impounded on the day of the arrest and sold before
Saavedra was indicted.  The State's
exhibit 1 established that, as of April 7, 2004, the registered owner was  Saavedra. 
Sanchez testified he would be available as a witness to testify in the
jury trial of the case but was having difficulty remembering exactly what
happened because of the time that had passed.[5]  The drugs seized at the time of the arrest
were introduced in his trial, but could be withdrawn for Saavedra's trial.  On October 28, 2003, Sanchez entered an open
plea of guilty in another district court and was placed on felony
probation.  In his court proceedings,
Sanchez had testified and admitted the drugs were his and that Saavedra had no
knowledge that Sanchez had the drugs.  








Defense counsel testified that, some time after
Sanchez was indicted, Saavedra inquired as to why he had not been
indicted.  Saavedra could not understand
why the State would indict only one of them. 
Defense counsel told Saavedra that the cocaine belonged to Sanchez and
counsel assumed "the reason he had not been indicted was because the
evidence was insufficient" as to Saavedra. 
Because that assumption was made, no motion for speedy trial was
filed.  On cross-examination, defense
counsel testified that the State had no excuse for the length of time taken to
"return the indictment."








The trial court took judicial notice that (1) the
trial court excused Saavedra to report to jury duty pursuant to a jury summons,
and (2) Saavedra was constitutionally disqualified from doing his civic duty
because of the pending indictment.[6]  The trial court made the following findings:
(1) Saavedra has a constitutional duty [sic] [right] to a speedy trial; (2) the
court's ruling rests solely on the delay between the date of arrest, March 31,
2003, and the date of the indictment, December 17, 2003; (3) the State failed
to provide a reasonable excuse for the cause of delay; (4) the trial court was
aware that DPS takes time to test drugs but the drugs were the "same
drugs" relied upon in Sanchez's case and had already been tested; (5) the
State indicted Sanchez in July 2003 and tried his case in December of 2003; (6)
filing a pre-indictment motion was not possible because the reasonable
assumption was that no indictment would be forthcoming; and (7) Saavedra was
prejudiced because (a) of the anxiety and discomfort in facing a charge over a
length of time, (b) he had to retain counsel, and (c) he was constitutionally
disqualified from jury service because of the pending charge.

II. STANDARD OF REVIEW


 When reviewing a trial court's decision to grant
or deny a speedy trial claim, we defer to the court's findings of fact,
applying an abuse of discretion standard, 
but review de novo its application of the law to those facts.  See Williams v. State, 90 S.W.3d 913,
919 (Tex. App.BCorpus Christi 2002,
no pet.).[7]

The Court of Criminal
Appeals has recently expanded on what it means to give deference to the
resolution of factual issues in this context. 
Under this standard, deference must be given not only to a trial court's
resolution of disputed facts, but also to the drawing of reasonable inferences
from the facts in evidence.  Kelly v.
State, No. PD-0023-04, 2005 Tex. Crim. App. LEXIS 569, at *11 (Tex. Crim.
App. April 13, 2005).  

III. ENTITLEMENT TO SPEEDY TRIAL








Texas Code of Criminal
Procedure article 32.01, as amended in 1997, requires the State to indict a
defendant detained in custody or held to bail, unless good cause is shown
supported by affidavit, no later than the last day of the next term of the
court which is held after his commitment or admission to bail, or on or before
the 180th day after the date of commitment or admission to bail, whichever date
is later.  Tex. Code Crim. Proc. Ann. art. 32.01 (Vernon Supp.
2004-05).  If a motion to set aside an
indictment for failure to provide a speedy trial is sustained, the court shall
discharge the defendant.  Id. art. 28.061 (Vernon Supp.
2004-05).

Saavedra was arrested
March 31, 2003, and posted a $3,000.00 bond on April 1, 2003.  The indictment issued December 17, 2003, more
than 180 days after the arrest. 
Therefore, the provisions of the speedy trial act are triggered.  Id.
art. 32.01 (Vernon Supp. 2004-05).  

Analysis








In his motion for
speedy trial and in argument at the hearing, Saavedra claimed a violation of
his constitutional right to a speedy trial. 
The Sixth Amendment to the United States Constitution, applied to the
states through the Fourteenth Amendment, guarantees the fundamental right to a
speedy trial.  Klopfer v. North
Carolina, 386 U.S. 213, 222-23 (1967). 
The Texas Constitution also guarantees this right.  Tex.
Const. art. I, ' 10.  The test under both the federal and state
constitutions is the same.  Floyd v.
State, 959 S.W.2d 706, 709 (Tex. App.BFort Worth 1998, no
pet.) (citing Hull v. State, 699 S.W.2d 220, 221 (Tex. Crim. App.
1985)).  The United States Supreme Court
has adopted a four-part balancing test which reviews  (1) length of delay, (2) reason for delay,
(3) assertion of the right, and (4) prejudice. 
Barker v. Wingo, 407 U.S. 514, 530 (1972).  Texas applies a Barker-like
totality-of-circumstances test for determination of good cause under article
32.01, considering, "among other things, the length of the delay, the
State's reason for delay, whether the delay was due to lack of diligence on the
part of the State, and whether the delay caused harm to the accused."  Ex Parte Martin, 6 S.W.3d 524, 528 (Tex.
Crim. App. 1999) (en banc). 

A.  Length of Delay

There is no dispute as
to when the arrest occurred or the indictment issued.  The interim period was eight and one-half
months, in excess of 180 days, raising the presumption of a violation of the
speedy trial act and triggering our analysis. 


B.  Reason for Delay

Under Barker,
different weight is assigned to different reasons for the delay.  State v. Munoz, 991 S.W.2d 818, 822
(Tex. Crim. App. 1999) (en banc); State v. McCoy, 94 S.W.3d 296, 302
(Tex. App.BCorpus Christi 2002,
no pet.).  A deliberate attempt to delay
the trial is weighed heavily against the government, whereas a "more
neutral reason such as negligence or overcrowded courts should be weighed
[against the government] less heavily." 
Munoz, 991 S.W.2d at 822; McCoy, 94 S.W.3d at 302.   A valid reason for delay should not be
weighed against the government at all, and delay attributable in whole or in
part to the defendant may even constitute a waiver of a speedy trial
claim.  McCoy, 94 S.W.3d at 303. 








Here, the State did
not clearly articulate good cause or other rationale for the pre-indictment
delay, other than to assert crowded court dockets and the absence of
fingerprints on the contraband. 
"Good cause" has been recognized to mean "a substantial
reason amounting in law to a legal excuse for failing to perform an act
required by law."  Ex Parte
Martin, 6 S.W.3d at 526 (rejecting the "exceptional circumstances"
test).  With regard to the "reasons
for delay" factor, we must defer to the trial court's ability to draw
inference from undisputed facts.  Kelley,
2005 Tex. Crim. App. LEXIS 569, at *11. 
Here, undisputed facts established that Sanchez, the other individual in
the vehicle who was arrested at the time Saavedra was arrested, was indicted
and fully prosecuted prior to the date the indictment issued for Saavedra.  Saavedra therefore contends there was no
reason for delay in indicting him based upon failure to secure laboratory test
results or other analysis on the evidence seized at the time of the
arrest.  However, no evidence confirms
that the contraband seized and relied upon in the prosecution of Sanchez is the
same contraband relied upon to prosecute Saavedra, and therefore we do not find
support in the record for the trial court's conclusion that the matter involved
the "same drugs relied upon in Sanchez's case . . . [and] had already been
tested."[8]  

There was no reason
for delay based upon on-going plea negotiations.  In fact, testimony was that the defense
assumed no indictment would be forthcoming at all.  There is also no suggestion of any deliberate
attempt to hamper the defense.  








With respect to reason
for the delay, the argument that court dockets are crowded can, in some
circumstances, justify pre-indictment delay. 
See, e.g., Williams, 90 S.W.3d at 919-20.  However, in Williams, that delay was
coupled with evidence of the need to conduct a thorough investigation.  No testimony below directly confirmed that
delay resulted from an on-going investigation, but such rationale could
reasonably have been inferred from two factors. 
First, the docket sheet admitted into evidence from Sanchez' case
reflects that Sanchez was first indicted July 28, 2003, but was then reindicted
two more times, the latest occurring on August 4, 2003.  Secondly, the State tendered evidence that
the bag containing the drugs forming the basis of the charge against Saavedra
contained no useable prints, thereby hampering the investigation. 

Despite the fact that
other inferences were possible, the trial court could reasonably infer from the
facts presented that the delay may have been due to lack of diligence on the
part of the State (the finding of the trial court reflects only that the State
failed to provide a reasonable excuse for the delay).  "Where there are two permissible
views of the evidence, the factfinder's choice between them cannot be clearly
erroneous.  This is so even when the
district court's findings do not rest on credibility determinations, but are
based instead on physical or documentary evidence or inferences from other
facts."  Kelly, 2005 Tex.
Crim. App. LEXIS 569, at *11 (emphasis in original).  Therefore, we conclude that this factor
weighs against the state, but not heavily. 
Munoz, 991 S.W.2d at 822 (in instances of such "more neutral
reasons," the balancing should be weighed less heavily against the
government). 








C.  Assertion of the Right








The third factor
evaluates a defendant's assertion of or failure to assert the right to a speedy
trial.  There is case law holding that a
speedy-trial motion based upon article 32.01 has no effect if it is presented after
indictment.  Tex. Code Crim. Proc. Ann. art. 32.01 (Vernon Supp. 2004-05);
Williams, 90 S.W.3d at 918; see also McCoy, 94 S.W.2d at 300-01
(a speedy-trial motion based upon article 32.01 has no effect if it is
presented after indictment); Beltran v. State, 99 S.W.3d 807, 810 (Tex.
App.BHouston [14th Dist.]
2003, pet. ref'd) (arising in the context of a second indictment).  Saavedra's claim is not limited to a
violation of article 32.01, but also references violation of his Fifth and
Sixth Amendment Constitutional rights. 
The Due Process Clause will not invalidate criminal prosecutions simply
because a reviewing court believes a prosecutor should have sought indictment
earlier.[9]  McCoy, 94 S.W.3d at 301 (noting
particularly the situation where delay is caused by investigation).  Further, a defendant's assertion of his
speedy-trial right is entitled to strong evidentiary weight in determining
deprivation of that right.  Id. at
303 (citing Floyd, 959 S.W2d at 710). 
The defendant's motivation in requesting a dismissal rather than a
prompt trial is relevant, and may sometimes attenuate the strength of his
claim.  Williams, 90 S.W.3d at 919
(citing Phillips v State, 650 S.W.2d 396, 401 (Tex. Crim. App. 1983)).  In Floyd, 959 S.W.2d at 711, the court
determined that the appellant's failure to assert his right to a speedy trial
until six months after he was indicted and ten months after he was arrested
constituted a failure to timely assert his right.  

However, under Barker,
a defendant's failure to assert his right to speedy trial is not
"forever" waived.  Munoz,
991 S.W.2d at 825 (citing Barker, 407 U.S. at 528-29) (noting that Barker
rejected the "demand-waiver" rule which previously held that a defendant
"forever" waived his right to a speedy trial by not demanding one,
and finding a defendant is still responsible for asserting that right).  Here, Saavedra was arraigned on January 7,
2004, and his motion was filed, after he secured counsel, on March 25, 2004;
the motion to dismiss the indictment was not filed at the "eleventh
hour" just before trial.  Moreover,
the trial court made an express factual finding justifying Saavedra's failure
to earlier assert his right: 

I will make an
additional finding that based on the evidence in this case and the
circumstances surrounding this case that no oneBit is apparent to the Court that Defense counsel
and Defendant was [sic] not aware that this was even going to be indicted.  Since so much delay had occurred it would
have been impossible to file a motion for a pre-indictment discussion of this
matter before the Court when everybody was under the assumption and the facts,
in effect, would have substantiated the assumption that there was no indictment
coming forward. 

 

Because "each
case must turn on its own facts, and the particular relief an accused seeks is
but one fact to consider," Williams, 90 S.W.3d at 920, we conclude
this factor weighs in favor of the trial court's ruling.[10]








D.  Prejudice or Harm to Saavedra

Prejudice or harm to
Saavedra is to be evaluated in light of the interests which the speedy trial
right is designed to protect.  Munoz,
991 S.W.2d at 826 (citing Barker, 407 U.S. at 532).  These interests are (1) preventing oppressive
pretrial incarceration, (2) minimizing anxiety and concern of the accused, and
(3) limiting the possibility that the defense will be impaired.  Munoz, 991 S.W.2d at 826; McCoy,
94 S.W.3d at 303.  Of these subfactors,
the most serious is the last, because the inability of a defendant adequately
to prepare his case skews the fairness of the entire system.  Munoz, 991 S.W.2d at 826 (citing Barker,
407 U.S. at 532).

A defendant has a
burden to show "prejudice," although a showing of "actual
prejudice" is not required.  Munoz,
991 S.W.2d at 826.  Further, when a
defendant makes a "prima facie showing of prejudice," the State
carries the obligation to prove "that the accused suffered no serious
prejudice beyond that which ensued from the ordinary and inevitable
delay."  Id. (citing Ex
Parte McKenzie, 491 S.W.2d 122, 123 (Tex. Crim. App. 1973)).








There is no evidence
of oppressive pre-trial incarceration; to the contrary, Saavedra was out on
bond pending the indictment.  Saavedra
tendered evidence that Sanchez's memory of events had diminished with the
passage of time, and that the vehicle involved in the incident had been sold at
auction.  He also asserted confusion over
why he had not been earlier indicted, he had to continue to report to the
bondsman during the interim time, and he had gone on with his life when
suddenly the indictment issued.[11]  

The State countered
with evidence that title to the vehicle had actually transferred to Saavedra as
of April 4, 2003.  Sanchez testified he
would be available to testify at trial, he knew of no other witnesses, and
presumably all evidence used in his case would be available to the court in
this matter.  The trial court
nevertheless concluded, in express findings, that Saavedra was prejudiced because (a) of the anxiety
and discomfort in facing a charge over a length of time, (b) he had to retain
counsel, and (3) he was constitutionally disqualified from jury service because
of the pending charge.








We concede the trial court is in the best position
to judge the credibility of the witnesses and their demeanor, and we give
deference to the trial court's conclusions. 
Kelly, 2005 Tex. Crim. App. LEXIS 569 at *11, *15 (noting that
deference is especially appropriate when credibility is involved, and the
factfinder is empowered, on the basis of credibility and demeanor evaluations,
to completely disregard a witness's testimony, even if that testimony is
uncontroverted).  However, here there
was no testimony such as that presented in Munoz, where the defendant
testified he was "scared and anxious, forgot many things that happened at
the time of the incident that led to this arrest, lost his job, his family life
was disrupted, he was forced into idleness, and he was uncertain as to the
whereabouts of particular witnesses." 
Munoz, 991 S.W.2d at 827. 
In fact, there is absolutely no testimony as to anxiety or concern of
Saavedra.  While a trial court may
certainly make reasonable inferences from testimony and other facts presented,
to go so far as to infer anxiety and concern simply from the fact of a delay
would be to obviate the requirement to show prejudice.  Further, a certain amount of anxiety while
awaiting trial is to be expected, but, as noted in Williams, 90 S.W.3d
at 921, anxiety could not have begun prior to the date of the indictment.  Here,
the complaint lies solely with pre-indictment delay, and testimony reflects
Saavedra believed no indictment would be forthcoming.  








Evidence as to prejudice to the defendant based upon
unavailability of evidence, such that the defense is impaired, is certainly to
be taken seriously.  However, here the
record reflects that evidence was not dissipated or lost.  To the contrary, there was only one key
witness who himself testified he would be available to testify at trial, and
that all evidence used against him could be available for use in the trial
involving Saavedra.  The vehicle involved
in the incident was not lost; its title was transferred to Saavedra.  The only suggestion of prejudice to Saavedra,
therefore, derives from the comment by Sanchez that his memory was not as sharp
as it had once been.  However, Sanchez
did not testify that he could not remember the events, and he conceded that a
review of documents would refresh his memory. 
We conclude that such general allegations of failure of memory are
insufficient to establish prejudice.  Flores
v. State, 625 S.W.2d 44, 47 (Tex. App.BSan Antonio 1981, no writ) (citing United
States  v. Avalos, 541 F.2d 1100,
1115-16 (5th Cir. 1976); United States v. Shepherd, 511 F.2d 119, 124
(5th Cir. 1975); United States v. McGough, 510 F.2d 598, 604 (5th Cir.
1975)).  We therefore conclude that the
factor of prejudice or harm to Saavedra does not weigh in favor of Saavedra.

We note that while we are required to defer to the
trial court when it draws reasonable inferences from the facts presented, Kelly,
2005 Tex. Crim. App. LEXIS, 569, at *11, here we find that the trial court drew
"inferences" from facts not in evidence.  There was no evidence of anxiety or concern,
and no evidence that the defense would be impaired.  Further, we reject the trial court's sua
sponte finding, from the simple basis that Saavedra was called to jury duty,
that the inability to serve on a jury is necessarily prejudicial to his
constitutional rights in light of the interests which the speedy trial right is designed to
protect.  See
Munoz, 991 S.W.2d at 826; McCoy, 94 S.W.3d at 303.  With respect
to the finding that prejudice was suffered because Saavedra had to retain an
attorney, nothing indicates that proceeding more expeditiously in this matter
would have obviated any need for Saavedra to retain an attorney.  We do not find that Saavedra suffered
prejudice because he retained an attorney. 


E.  Balancing
the Four Factors








Although the length of time between arrest and
indictment raises a presumption of prejudice and triggered our analysis in this
case, the length of time of delay was not in itself so long as to be excessive.  See Munoz, 991 S.W.2d at 822 (finding
that seventeen and one-half month delay did not violate the right to a speedy
trial).  Reason for the delay could have been
attributable to an on-going investigation, but the trial court could also
reasonably have found that delay was due to negligence or inattention by the
State, or crowded court dockets.  In
instances of these "more neutral reasons," the balancing should be
"weighed less heavily [against the government]."  Munoz, 991 S.W.2d at 822.  We conclude that this factor weighs against
the State, but not heavily.  The third
factor involves assertion of the right to a speedy trial.  The right was raised tardily; nevertheless,
the trial court expressly found that delay in raising entitlement to the right
was justified in the circumstances. 
Therefore, this factor will not weigh against Saavedra, as it might in
other circumstances; however, it similarly does not weigh against the State but
instead takes a more neutral position. 
The last factor, prejudice to Saavedra, does not weigh in favor of
Saavedra, and we find that Saavedra failed to satisfy his burden on that
prong.  See Barker, 407 U.S. at
534. 

We conclude that,
after giving due deference to the findings of the trial court, the balancing of
the various factors as called for in Barker weighs against a finding
that Saavedra's right to a speedy trial was impaired.  Accordingly, we reverse and remand.    

ERRLINDA CASTILLO

Justice

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and filed

this 21st day of July, 2005.  

 

 

 











[1] See Tex.
R. App. P. 47.2 and 47.4.  





[2] The trial court admitted in
evidence the district clerk's criminal record history for Eric Sanchez's
case.  The history shows Sanchez was
re-indicted on July 31, 2003, and again on August 4, 2003.  On October 29, 2003, pursuant to his plea of
guilty, Sanchez was sentenced to ten years' confinement in the Texas Department
of Criminal JusticeBInstitutional Division, probated
for ten years.





[3] The indictment alleged that, on or
about March 31, 2003, Saavedra knowingly and intentionally possessed, by
aggregate weight, four grams or more but less than 200 grams of cocaine, a
controlled substance in Penalty Group 1 of the Texas Controlled Substances
Act.  See Tex. Health & Safety Code Ann. _ 481.115(a)(c) (Vernon 2003).





[4] 
The written motion to dismiss for lack of speedy trial complains of
delay between the date of indictment and the trial.  Grounds asserted in the motion include that
Saavedra was denied his constitutional right to a speedy trial because (1) he
was "not tried within six months of his indictment;" and (2) he
suffered prejudice because "witnesses' memories have diminished, evidence
has been destroyed and cannot be re‑examined by the defense, and the
vehicle has been forfeited."  However,
at the hearing Saavedra abandoned argument related to delay between indictment
and trial because he had earlier requested and been granted a motion for
continuance.  Saavedra therefore focused
instead on the delay between date of arrest and date of indictment. 





[5] Sanchez admitted that the
documents used in his proceeding would refresh his memory. 





[6] Defense counsel stated that
Saavedra was required to report back to jury duty in the afternoon.  

 





[7] In Guzman v. State,
955 S.W.2d 85, 90 (Tex. Crim. App. 1997) (en banc), the Court of Criminal
Appeals expressly overruled Dubose v. State, 915 S.W.2d 493, 495-96
(Tex. Crim. App. 1996), holding that an abuse of discretion review of trial
court decisions is not necessarily appropriate in the context of the
application of law to facts when the decision does not turn on the credibility
or demeanor of witnesses.  Guzman,
955 S.W.2d at 90.  When "the trial
judge is not in an appreciably better position than the reviewing court to make
that determination," a de novo review by the appellate court is
appropriate." Id. at 87; see Ex Parte Martin, 6 S.W.3d 524,
526 (Tex. Crim. App. 1999) (en banc). 





[8] 
We base this finding primarily on the State's unexplained re-indictment
of Sanchez.  We note, nevertheless, the
State has not raised any point of error with respect to this finding.  





[9] 
It is the due process clause, rather than the speedy trial clause, which
provides protection for any delay before arrest or indictment; the speedy trial
clause provides protection for delay between arrest and indictment and between
indictment and trial.  United States
v. MacDonald, 456 U.S. 1, 7-9 (1982). 






[10] We note that, although Saavedra's
motion was not heard until the scheduled trial date, Saavedra and his counsel
believed the motion and not trial was set for that date.  The hearing took place August 4, 2004.   





[11] The only testimony presented by
the defense was given by Sanchez, and Saavedra's attorney.  Saavedra did not testify.