Rebecca S. SINCLAIR, Appellant,

v.

The STATE of Texas, Appellee.

No. 03–94–00343–CR.

Court of Appeals of Texas, Austin.

Feb. 22, 1995.

**438**

---

Michael L. Brandes—[signed brief], Austin, for appellant.

Ronald Earle, Dist. Atty., William G. Reid—[signed brief], Asst. Dist. Atty., Austin, for appellee.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

PER CURIAM.

Appellant pleaded guilty and judicially confessed to theft of property having an aggregate value of $20,000 or more. Act of May 27, 1985, 69th Leg., R.S., ch. 599, § 1, 1985 Tex.Gen.Laws 2244–46 (Tex.Penal Code Ann. § 31.03(a), (e)(5)(B), since amended). Pursuant to a plea bargain, the district court found that the evidence substantiated appellant's guilt, deferred further proceedings without adjudicating guilt, and placed appellant on probation.

Appellant's notice of appeal states that appeal is taken "for the purpose of appealing the adverse ruling by the Court on Defendant's 'MOTION TO DISMISS FOR WANT OF A SPEEDY TRIAL' and the accompanying 'TRIAL AMENDMENT TO DEFENDANT'S MOTION TO DISMISS FOR WANT OF A SPEEDY TRIAL.'" *See* Tex. R.App.P. 40(b)(1). The State has filed a motion to dismiss the appeal arguing that appellant withdrew her pretrial motions and waived her right to appeal. The State refers us to "defendant's plea of guilty, waiver, stipulation & judicial confession," a two-page form document that appears in the transcript. The following paragraph appears near the middle of the first page:

> I understand that any recommendation of the prosecuting attorney as to punishment is not binding on the Court. That where there is a plea bargain agreement and the punishment assessed by the Court does not exceed the agreed recommendation, I do not have the right to appeal without permission of the Court except for those matters raised by written motions filed prior to trial. I therefore withdraw my pre-trial motions and waive my right to appeal.

There is nothing on the face of the document, which is filled with single-spaced text in small type, to indicate that this paragraph was brought to appellant's attention. Immediately above appellant's signature on the second page is a sentence advising her that notice of appeal must be filed within thirty days.

At the conclusion of the guilty plea proceeding, the district court asked the prosecutor for the State's recommendation:

> MS. GURA: Your Honor, the State recommends ten years deferred adjudication, 240 hours of community service, $24,000 in restitution, a $1,000 fine, and no work han-

dling other people's money, and counseling as recommended.

MR. BRANDES [defense counsel]: Also, we have agreed that I can appeal the speedy trial question that we had a hearing on some time ago, your Honor.

THE COURT: Okay. Sure. What we will do then is we will—George, we have to reset this for a pre-sentence investigation and they are going to take it up on appeal, so probation won't start until that is resolved. . . .

Two weeks later, when the court formally announced that it was deferring adjudication and placing appellant on probation, the court noted that probation would not begin until the conviction was affirmed on appeal.

■ The prosecutor did not dispute defense counsel's statement to the court that it was agreed appellant could appeal the overruling of her motion to dismiss. Appellant's understanding that she could appeal was reinforced by the court's remarks. To be effective, a waiver of appeal must be knowingly and voluntarily made. *Ex parte Dickey*, 543 S.W.2d 99 (Tex.Crim.App.1976). The form waiver of appeal notwithstanding, we conclude that appellant neither withdrew her pretrial motion to dismiss nor knowingly and voluntarily waived her right to appeal. The State's motion to dismiss this appeal is overruled.[1]

■ In her only point of error, appellant contends she was denied the speedy trial guaranteed to her by the constitutions of the United States and Texas. U.S. Const. amend. VI; Tex. Const. art. I, § 10; *see also* Tex.Code Crim.Proc.Ann. art. 1.05 (West 1977). Four factors are considered in determining whether an accused has been denied a speedy trial: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right to a speedy trial, and (4) the prejudice to the defendant resulting from the delay. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2191–92, 33 L.Ed.2d 101 (1972); *Harris v. State*, 827 S.W.2d 949, 956 (Tex.Crim.App.1972).

Appellant was accused of embezzling money from her employer from February to November 1988. Appellant was arrested and released on bond on April 15, 1989. The indictment was returned on February 15, 1993, and appellant filed her motion to dismiss for want of speedy trial on April 9. The motion to dismiss was overruled after a hearing on May 3, 1993, and, after several resettings, appellant pleaded guilty on May 23, 1994. Appellant's complaint is limited to the delay between arrest and indictment.

■ **Length of delay.** Three years and ten months passed between appellant's arrest and the return of the indictment. We believe this is a sufficient length of time to require a speedy trial inquiry.

■ **Reason for delay.** Ruth Ellen Gura was the assistant district attorney who prosecuted this case. In her testimony at the hearing on appellant's motion to dismiss, Gura was able to provide only sketchy information regarding the handling of the case before it was assigned to her. She knew that another assistant district attorney died while actively working on the case in 1990. It is unclear whether any other assistant district attorney worked on the case until Gura received the assignment in January 1993. Gura took the case to the grand jury six weeks after receiving it.

Gura speculated that prosecution of the case might have been delayed because of the press of other cases subject to a shorter limitations period. Gura was confident that the delay in securing an indictment was not a deliberate effort to avoid prosecution: "[Y]ou wouldn't put [this case] away for fear of handling it, because it is pretty cut and dried, in my opinion." She did not know why, in defense counsel's words, "somebody [did not] cut and dry it back in 1990."

The State's evidence in this case consisted of various checks, bank deposit slips, and ledgers. These documents filled a box of unspecified size. Prosecutors had these documents examined by accountants, but the

---

1. Were we to give effect to the form waiver, we would have no alternative on this record but to reverse the judgment of conviction on the ground that appellant did not voluntarily plead guilty. *Wooten v. State*, 612 S.W.2d 561, 563 (Tex.Crim. App.1981).

record does not reflect how much time this examination required.

The district court did not make findings of fact. We believe, however, that the record supports neither a finding that the State deliberately delayed the prosecution of this case nor a finding of diligent prosecution. The record does support the conclusion that the almost four-year delay between appellant's arrest and her indictment was the result of prosecutorial negligence. *See Turner v. State,* 545 S.W.2d 133, 137 (Tex.Crim.App. 1976) (if record is silent or contains insufficient reasons to excuse delay, it must be presumed that no valid reason for delay existed).

**Assertion of right.** Appellant's attorney wrote a letter to the grand jury section of the district attorney's office in June 1989 asking that appellant be allowed to appear before the grand jury "if and when this case comes to your office." Counsel also had three conversations about the case with various assistant district attorneys in June and August 1991. Appellant contends there was little more she could have done to assert her right to a speedy trial in the absence of an indictment.

Appellant's bond obligated her to appear before the 147th District Court. We know of no reason why appellant could not have filed a motion to dismiss the complaint against her in that court, or in the municipal court in which the complaint was filed, before she was indicted. We believe that in four years, an attorney whose client was truly interested in the prompt disposition of the accusations against her would have written more than one letter to the district attorney's office and had more than three conversations with the prosecutors to whom the case was assigned.

**Prejudice resulting from delay.** Three types of prejudice may arise from a delay of trial: (1) oppressive pretrial incarceration, (2) anxiety and concern of the accused, and (3) impairment of the ability to prepare a defense. *Phillips v. State,* 650 S.W.2d 396, 404 (Tex.Crim.App.1983). The Supreme Court has written that "we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Doggett v. United States,* — U.S. —, —, 112 S.Ct. 2686, 2693, 120 L.Ed.2d 520, 531 (U.S.1992).

Appellant cannot complain of oppressive pretrial incarceration because she was released on personal bond the day she was arrested. Appellant testified that during the four years following her arrest, "I have had to pretty much talk to any potential employers about this situation and go through some public embarrassment with it." In addition, appellant complained of "not knowing [for four years] what is going on with it, where it is at." With regard to her ability to defend herself, appellant testified that she could not recall all of the events that took place four years earlier, although "if I got a chance to look at the records thoroughly I could maybe put some of it together."

■ **Striking the balance.** The strongest factor weighing against the State is its failure to justify the four-year delay in obtaining the indictment. Although appellant did not clearly demonstrate prejudice as a result of the State's delay, negligence in bringing the accused to trial is not "automatically tolerable simply because the accused cannot demonstrate exactly how it has prejudiced him." *Doggett,* — U.S. at —, 112 S.Ct. at 2693, 120 L.Ed.2d at 531. Weighing most heavily against appellant is her failure to diligently assert her right to a speedy trial during the four-year hiatus between her arrest and her indictment. Balancing these factors, we conclude that the district court did not err by overruling appellant's motion to dismiss.

The point of error is overruled and the judgment of conviction is affirmed.