NO. 07-00-0365-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 20, 2002

_____


JOAQUIN VILLARREAL CASTILLO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 39,816-B; HONORABLE WILLIAM R. SHAVER, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Upon a plea of not guilty, appellant Joaquin Villarreal Castillo was convicted by a jury of murder and punishment was assessed at 99 years confinement. Originally, appellant's appeal was presented pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). However, after an independent examination of the record, on September 12, 2001, this Court abated the appeal and remanded the cause to the trial court for appointment of new counsel to brief whether a 24-month delay from the time of

appellant's arrest to the time of trial triggered a speedy trial analysis. In accordance with our directive, appellant's new counsel has filed a supplemental brief in which he contends that appellant was denied the right to a speedy trial. Based upon the rationale expressed herein, we affirm.

Appellant was arrested for murder on June 24, 1998, and indicted for the crime on October 29, 1998. Although represented by court-appointed attorneys since his arraignment, appellant filed over a dozen *pro se* pretrial motions. On July 27, 1999, he filed a "Petition For Release Because of Delay" as well as a "Motion for Fast and Speedy Trial," contending that more than one year had lapsed since he was first taken into custody and the State had not proceeded to trial. On April 27, 2000, appellant filed a *pro se* motion to dismiss asserting the State violated his right to a speedy trial under the Sixth Amendment and Article I, Section 10 of the Texas Constitution. No motions for continuance were sought and trial commenced on July 11, 2000.

Appellant asserts he was denied his constitutional right to a speedy trial. The right to a speedy trial is guaranteed by the Sixth Amendment of the United States Constitution and applies to the states through the Fourteenth Amendment. *See* Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 116-17 (1972). Additionally, Article I, Section 10 of the Texas Constitution and article 1.05 of the Texas Code of Criminal Procedure Annotated (Vernon 1977) guarantee a speedy trial. In determining whether an accused was denied his right to a speedy trial, we are required to balance four factors to-

2

wit: 1) length of the delay; 2) reason for the delay; 3) assertion of the right; and 4) prejudice to the accused, to determine whether a defendant's right to a speedy trial has been violated. *Id.* at 530-32; State v. Munoz, 991 S.W.2d 818, 821 (Tex.Cr.App. 1999). No single factor is a "necessary or sufficient condition to the finding" of a speedy trial violation, and these factors must be considered in conjunction with other relevant circumstances. *Munoz,* 991 S.W.2d at 821, citing *Barker,* 407 U.S. at 533. Because the balancing test as a whole is a purely legal question, we must review appellant's contention *de novo. See* Johnson v. State, 954 S.W.2d 770, 771 (Tex.Cr.App. 1997).

**Length of delay.** Although a defendant has the burden of first showing that sufficient delay has occurred to trigger application of the *Barker* balancing test, State v. Hernandez, 830 S.W.2d 631, 635 (Tex.App.–San Antonio 1992, no pet.), the State candidly accepts that the 24-month delay between appellant's arrest and trial necessitates application of the *Barker* test. *See* Harris v. State, 827 S.W.2d 949, 956 (Tex.Cr.App. 1992), *cert. denied,* 506 U.S. 942, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992). Thus, we need only consider the remaining three *Barker* factors.

**Reason for the delay.** The State bears the burden of justifying the trial delay, and if the record is silent or the reasons given are insufficient to excuse the delay, the appellate court must presume that no valid reason for the delay existed. Phillips v. State, 650 S.W.2d 396, 400 (Tex.Cr.App. 1983). *Barker* does not require a direct explanation in every case. *See* Ramirez v. State, 897 S.W.2d 428, 431-32 (Tex.App.–El Paso 1995, no pet.).

3

No factual hearing was held on appellant's *pro se* motions requesting a speedy trial. When the *pro se* motions were brought to the court's attention by trial counsel, the court indicated it had reviewed them and denied them. The docket sheet contained in the clerk's record reflects that appellant had numerous court-appointed attorneys, one of whom was permitted to withdraw on September 1, 1999, because he was unable to work with appellant. On June 29, 2000, trial counsel filed a motion to withdraw because appellant filed a grievance against him. The trial court, however, denied the motion and the case proceeded to trial shortly thereafter. Although represented by counsel since his arraignment, appellant filed over a dozen *pro se* documents. No continuances were sought by the State. However, the clerk's record indicates that appellant's lack of cooperation with his various attorneys may have been a contributing factor in the length of the delay. Thus, we conclude this factor weighs against appellant.

**Assertion of the right.** A defendant's assertion of his speedy trial right is entitled to strong evidentiary weight in determining whether he was deprived of that right. *Barker*, 407 U.S. at 531-52. Conversely, a failure to assert the right in a timely and persistent manner indicates that he did not really desire a speedy trial. *Id*. at 534-36. In such a case, this factor must be weighed against the defendant. Sinclair v. State, 894 S.W.2d 437, 440 (Tex.App.--Austin 1995, no pet.).

Appellant filed his first motion for speedy trial and petition for release because of delay on July 27, 1999, 13 months after his arrest and almost one year prior to trial. A

second motion and petition were filed on August 6, 1999. His assertiveness in seeking a speedy trial is entitled to strong evidentiary weight. State v. Rangel, 980 S.W.2d 840, 844 (Tex.App.–San Antonio 1998, no pet.). Thus, this factor weighs in appellant's favor.

**Prejudice.** Although a showing of actual prejudice is not required, appellant bears the initial burden of establishing prejudice from the delay of his trial. Harris v. State, 489 S.W.2d 303, 308 (Tex.Cr.App. 1973). It is the defendant's burden to make a showing of prejudice. *Ramirez*, 897 S.W.2d at 433. A mere passage of time is not *per se* a deprivation of the right to a speedy trial. McCarty v. State, 498 S.W.2d 212, 215 (Tex.Cr.App. 1973). Prejudice is considered in light of the interests that the right to a speedy trial was designed to protect. *Barker*, 407 U.S. at 532. These interests include prevention of extended pretrial incarceration, minimization of anxiety over pending charges, and most importantly, the prevention of actual prejudice to the defendant's ability to present a defense. *See* Emery v. State, 881 S.W.2d 702, 709 (Tex.Cr.App. 1994), *cert. denied*, 513 U.S. 1192, 115 S.Ct. 1257, 131 L.Ed.2d 137 (1995). Although actual prejudice is not required, a defendant must make a *prima facie* showing of prejudice. *Munoz*, 991 S.W.2d at 826.

The record reflects that appellant was denied bond at the time of his arraignment and was incarcerated pending trial. However, there is no evidence to show that appellant suffered anxiety, fear, loss of employment, or disruption of family life. Most importantly, appellant did not establish the possibility that his defense was impaired by the delay. *Id*.

Thus, the record does not establish that appellant was prejudiced by the delay. Appellant's sole contention is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.