NO. 07-01-0261-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 19, 2002

_____


JIMMIE D. WATSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 43,555-A; HONORABLE DAVID GLEASON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Pursuant to a plea of guilty, appellant Jimmie D. Watson, an inmate, was convicted of murder, enhanced, and punishment was assessed at 40 years confinement.[1] Appellant filed his notice of appeal in compliance with Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure. Presenting two points of error, appellant contends the trial court

_____

[1]Initially, appellant plead not guilty, but during trial entered into a plea agreement.

erred in denying his motion to set aside the indictment for (1) failing to afford him his constitutional right to a speedy trial, and (2) denying him a speedy trial based on a violation of his Sixth Amendment right to counsel. Based upon the rationale expressed herein, we affirm.

On November 12, 1994, appellant and another inmate assaulted a third inmate. The victim remained comatose until June 24, 1997, when he died. On December 18, 1997, appellant was indicted for murder, enhanced by two prior convictions. According to the record appellant was read his rights on August 27, 1997, and capias was issued on December 18, 1997, and received by appellant on January 29, 1998. On March 13, 1998, appellant filed a *pro se* motion to dismiss the indictment pursuant to articles 28.061 and 32.01 of the Texas Code of Criminal Procedure for failure to present the indictment at the next term of court. On August 25, 1999, the Board of Criminal Justice was directed by the trial court to provide appellant with legal representation. However, although unclear from the record, it appears that counsel was not appointed until sometime in October 1999, at which time counsel moved to withdraw due to a conflict of interest. Appellant was re-indicted under a different cause number on February 1, 2001, and on March 8, 2001, pursuant to a bench warrant, appellant was brought before the court, served with a copy of the indictment, and counsel was appointed to represent him. After dismissal of the second indictment, appellant was re-indicted under cause number 43,355-A on March 15, 2001. Counsel filed two separate motions to set aside the indictment for violation of

appellant's Sixth Amendment right to a speedy trial. After a hearing was held on April 17, 2001, the court took the motion under advisement. Following jury selection and presentation of some of the State's witnesses, appellant agreed to change his plea to guilty in exchange for 40 years confinement. On April 25, 2001, the trial court denied appellant's motion to set aside the indictment.

By his first point of error, appellant contends the trial court erred in denying his motion to set aside the indictment for failure to afford him his constitutional right to a speedy trial. We disagree. The right to a speedy trial is guaranteed by the Sixth Amendment of the United States Constitution and applies to the states through the Fourteenth Amendment. *See* Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 116-17 (1972). Additionally, Article I, Section 10 of the Texas Constitution and article 1.05 of the Texas Code of Criminal Procedure Annotated (Vernon 1977) guarantee a speedy trial. In determining whether an accused was denied his right to a speedy trial, we are required to balance four factors, to-wit: 1) length of the delay; 2) reason for the delay; 3) assertion of the right; and 4) prejudice to the accused to determine whether a defendant's right to a speedy trial has been violated. *Barker*, 407 U.S. at 530-32; State v. Munoz, 991 S.W.2d 818, 821 (Tex.Cr.App. 1999). No single factor is a "necessary or sufficient condition to the finding" of a speedy trial violation, and these factors must be considered in conjunction with other relevant circumstances. *Munoz*, 991 S.W.2d at 821, citing *Barker*, 407 U.S. at 533. Because the balancing test as a whole is

3

a purely legal question, we must review appellant's contention *de novo*. *See* Johnson v. State, 954 S.W.2d 770, 771 (Tex.Cr.App. 1997).

**Length of delay.** A defendant has the burden of first showing that sufficient delay has occurred to trigger application of the *Barker* balancing test. State v. Hernandez, 830 S.W.2d 631, 635 (Tex.App.–San Antonio 1992, no pet.). Appellant asserts that a seven-year delay occurred from the date of the offense to the time of trial; however, appellant was not charged with a crime until three years after the incident when the victim died on June 24, 1997. Appellant was indicted on December 18, 1997. The State acknowledges that the 40-month delay between appellant's indictment and the trial date necessitates a speedy trial analysis.

**Reason for the delay.** The State bears the burden of justifying the trial delay, and if the record is silent or the reasons given are insufficient to excuse the delay, the appellate court must presume that no valid reason for the delay existed. Phillips v. State, 650 S.W.2d 396, 400 (Tex.Cr.App. 1983). *Barker* does not require a direct explanation in every case. *See* Ramirez v. State, 897 S.W.2d 428, 431-32 (Tex.App.–El Paso 1995, no pet.).

The State did not request any continuances nor was it ever called upon to announce ready. At the hearing on appellant's motion the State explained that no delay was attributable to it. The State argued that the judicial system caused the delay. The trial

4

court decided to try appellant's co-defendant first. According to the State, this justified much of the delay. The evidence at the hearing also established that appellant was in the process of developing his case and could not have proceeded to trial any sooner. We agree with the State that the reasons for the delay should weigh only minimally against it.

**Assertion of the right.** A defendant's assertion of his speedy trial right is entitled to strong evidentiary weight in determining whether he was deprived of that right. *Barker*, 407 U.S. at 531-52. Conversely, a failure to assert the right in a timely and persistent manner indicates that he did not really desire a speedy trial. *Id*. at 534-36. In such a case, this factor must be weighed against the defendant. Sinclair v. State, 894 S.W.2d 437, 440 (Tex.App.--Austin 1995, no pet.).

Appellant received the *capias* on January 29, 1998, and on March 13, 1998, he filed a *pro se* motion to dismiss the indictment. By his motion, appellant did not request a speedy trial nor did he indicate that he was ready to proceed to trial. In McCarty v. State, 498 S.W.2d 212, 214 (Tex.Cr.App. 1978), the Court noted:

> [a]lthough a motion to dismiss notifies the State and the court of the speedy trial claim, a defendant's motivation in asking for dismissal rather than a prompt trial is clearly relevant, and may sometimes attenuate the strength of his claim.

*See also* Mabra v. State, 997 S.W.2d 770, 777-78 (Tex.App.–Amarillo 1999, pet. ref'd). Candace Norris, who had been appointed to represent appellant but later withdrew

5

because of a conflict, testified at the hearing that appellant had some legal issues to develop before proceeding to trial. A copy of a letter dated October 15, 1999, written by appellant was admitted into evidence. It evinced his intent to have counsel file numerous motions and raise a defensive issue. The evidence at the hearing established that appellant did not really desire a speedy trial, but instead hoped for a dismissal of the indictment. We conclude this factor weighs heavily against appellant.

**Prejudice.** Although a showing of actual prejudice is not required, appellant bears the initial burden of establishing prejudice from the delay of his trial. Harris v. State, 489 S.W.2d 303, 308 (Tex.Cr.App. 1973). It is the defendant's burden to make a showing of prejudice. *Ramirez*, 897 S.W.2d at 433. A mere passage of time is not *per se* a deprivation of the right to a speedy trial. McCarty v. State, 498 S.W.2d 212, 215 (Tex.Cr.App. 1973). Prejudice is considered in light of the interests that the right to a speedy trial was designed to protect. *Barker*, 407 U.S. at 532. These interests include prevention of extended pretrial incarceration, minimization of anxiety over pending charges, and most importantly, the prevention of actual prejudice to the defendant's ability to present a defense. *See* Emery v. State, 881 S.W.2d 702, 709 (Tex.Cr.App. 1994), *cert. denied*, 513 U.S. 1192, 115 S.Ct. 1257, 131 L.Ed.2d 137 (1995). Although actual prejudice is not required, a defendant must make a *prima facie* showing of prejudice. *Munoz*, 991 S.W.2d at 826.

Appellant was incarcerated for another crime when he was indicted for murder. Thus, he cannot claim that his pretrial incarceration was oppressive. He did not present any evidence to show anxiety, fear, or disruption of family life by the delay. By the evidence and numerous witnesses presented at the hearing on his motion, appellant attempted to establish that the 40-month delay prejudiced his ability to present a defense.

Appellant established that some evidence and potential witnesses were no longer available. The internal affairs investigator testified that after he concluded his investigation he turned the evidence and his report over to his supervisor. He believed that those items had been shipped to Huntsville. Two of the warden's designees testified and complied with their subpoenas to the best of their ability. Appellant had requested a roster of all inmates housed in his building and its related pods at the time of the incident. However, the witnesses testified that because the roster changes frequently due to movement of the inmates, they are not required to keep such a record.

A private investigator appointed to assist in appellant's case testified that the State was very cooperative throughout her investigation. She confirmed that there had been no delay attributable to the State. She gathered her information from interviews with guards and inmates and attempted to locate other witnesses who were no longer inmates. Of a possible 144 inmates housed in a pod, she acknowledged that she could only speculate how many had witnessed the incident because at any given time inmates may be out of the pod for visitation, job duties, or meals. Although she testified that she was unable to

locate numerous witnesses, the State offered voluntary statements that were taken after the incident of those persons. According to the State, none of the statements would have exonerated appellant. Also, appellant did not make a *prima facie* showing of prejudice by satisfying his burden to show what the missing evidence or unavailable witnesses would have established. This factor weighs against appellant. After balancing the *Barker* factors, we conclude the trial court did not err in denying appellant's motion to set aside the indictment for violating his right to a speedy trial. Point of error one is overruled.

By his second point of error, appellant contends the trial court erred in denying his motion to set aside the indictment on speedy trial grounds resulting from a violation of his Sixth Amendment right to counsel. We disagree. At the time appellant asserted his right to a speedy trial, he was represented by counsel. Having previously concluded that the trial court did not err in denying appellant's motion, his second point of error is moot.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice


Do not publish.

8