# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00637-CR

**Brent Christopher Ormand, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF CALDWELL COUNTY
### NO. 32622, HONORABLE EDWARD L. JARRETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

As called for in a plea agreement, appellant Brent Christopher Ormand pleaded no contest to an information accusing him of driving while intoxicated, punishment was assessed at incarceration for 180 days and a $700 fine, imposition of sentence was suspended, and appellant was placed on community supervision. *See* Tex. Pen. Code Ann. § 49.04 (West 2003). The only issue on appeal is whether the trial court erred by overruling appellant's pretrial motion to dismiss on speedy trial grounds. We will affirm the judgment of conviction.

The underlying facts are not disputed. Appellant was arrested for this offense on May 24, 2003, and released on bond the same day. He promptly retained an attorney, Stuart Kinard, who on June 13, 2003, gave notice of his representation of appellant. The complaint and information were filed on March 17, 2005, approximately twenty-two months following appellant's arrest. Appellant learned that the information had been filed when he personally received notice in late

April that the cause had been set for arraignment on May 16. Appellant retained a new attorney, David Wahlberg, who filed various pretrial motions, including a waiver of arraignment. Wahlberg filed appellant's motion to dismiss for failure to afford a speedy trial on July 12, 2005. The motion was heard and overruled on September 6, 2005, after which appellant immediately entered his plea.

The right to a speedy trial is constitutionally guaranteed. U.S. Const. amend. VI; Tex. Const. art. I, § 10; *see Barker v. Wingo*, 407 U.S. 514 (1972); *Hull v. State*, 699 S.W.2d 220, 221 (Tex. Crim. App. 1986). In determining whether a defendant has been denied this right, a court must balance four factors: (1) length of the delay, (2) reason for the delay, (3) assertion of the right, and (4) prejudice to the accused. *Barker*, 407 U.S. at 530; *Johnson v. State*, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997). The application of these factors is a legal question subject to de novo review. *Johnson*, 954 S.W.2d at 771.

***Length of delay.*** Appellant was tried over twenty-seven months after being arrested. The State concedes that this delay exceeds that needed to trigger a full speedy-trial inquiry. *See Doggett v. United States*, 505 U.S. 647, 651-52 (1992). It is a factor that weighs heavily against the State. *Zamorano v. State*, 84 S.W.3d 643, 649 (Tex. Crim. App. 2002).

***Reason for delay.*** The State bears the burden of justifying the delay. *Turner v. State*, 545 S.W.2d 133, 137 (Tex. Crim. App. 1976). Appellant was the only witness at the hearing below, and the State offered no evidence to explain the delay between appellant's arrest in 2003 and the filing of the information in 2005. During argument, the prosecutor told the court that "we have an extreme backlog of cases" and that the reason for the delay was "simply caseload." Although official negligence in bringing a case to trial is weighed more lightly than a deliberate intent to harm the defense, it still falls on the wrong side of the divide between acceptable and unacceptable reasons

2

for delaying a criminal prosecution. *Doggett*, 505 U.S. at 657. This factor weighs against the State because the ultimate responsibility for such circumstances must rest with the State, not the defendant. *Zamorano*, 84 S.W.3d at 649 (citing *Barker*, 407 U.S. at 531).

*Assertion of right.* The responsibility to assert the speedy trial right lies with the accused. *Barker*, 407 U.S. at 531. In this case, the State argues that appellant, by waiting twenty-six months before filing his motion to dismiss, did not timely assert the right. The State further argues that by filing a motion to dismiss, appellant showed that he was not truly interested in a speedy trial.

Appellant argues that he could not be expected to demand a trial before he was formally charged. *See State v. Flores*, 951 S.W.2d 134, 139 (Tex. App.—Corpus Christi 1997, no pet.). But appellant knew that he had been arrested for driving while intoxicated, and this Court has noted that an accused can seek the prompt disposition of an accusation before a formal charging instrument is filed. *See Sinclair v. State*, 894 S.W.2d 437, 440 (Tex. App.—Austin 1995, no pet.). Appellant testified that during the four months immediately following his arrest, he called Kinard "probably five times" to inquire into the status of his case. He acknowledged that he did not ask counsel to expedite the case. Thereafter, he was unable to contact the attorney, and he later learned "through the grapevine" that Kinard was no longer practicing.

Appellant did not hire new counsel until after he received the arraignment notice. This attorney promptly filed motions for discovery and to suppress evidence but did not file a motion for speedy trial. Instead, two months after being hired and four months after the information was filed, counsel filed the motion to dismiss. This fact tends to weaken appellant's case because it manifests a desire to have no trial instead of a speedy trial. *Zamarano*, 84 S.W.3d at 651 n.40 (citing *Parkerson v. State*, 942 S.W.2d 789, 791 (Tex. App.—Fort Worth 1997, no pet.)). In his brief to this

3

Court, however, counsel argues that the harm to appellant caused by the delay was done before the information was filed, and therefore it was appropriate to seek a dismissal. *See Phillips v. State*, 650 S.W.2d 396, 401 (Tex. Crim. App. 1983) (stating that in some cases, defense counsel may legitimately believe that delay has caused client such prejudice that dismissal is warranted, even if State is belatedly ready to move promptly).

It appears from the record as a whole that, as time passed, appellant was content to allow this prosecution to languish without seeking either a trial or a dismissal. His interest in the case was renewed only after receiving notice of the arraignment. This factor weighs against appellant.

***Prejudice to accused.*** The speedy trial right serves to prevent oppressive pretrial incarceration, minimize anxiety and concern resulting from the pending charges, and limit the possible impairment of the defense. *Barker*, 407 U.S. at 532. The first of these interests is not implicated here, as appellant was released on bond within hours after his arrest

The most important of the three interests protected by the speedy trial right is the defendant's ability to prepare a defense. *Id*. Appellant suggests in his brief that the loss of his original counsel potentially harmed his defense, but he offered no evidence at the hearing that this potential was realized. Although excessive delay in itself presumptively compromises the defense, this presumption is attenuated when the accused acquiesces in all or part of the delay. *Doggett*, 505 U.S. at 655-58. Appellant never sought to expedite the handling of his case, did not request a speedy trial even after the information was filed, and waited four months after that to file his motion to dismiss.

4

It is the second interest that was most clearly asserted by appellant at the hearing. Appellant testified that he suffers from Crohn's Disease, a condition that is aggravated by stress. He added, "I have had a lot of trouble with anxiety, stress and depression. I have been treated continuously over these last 20—I guess 26 months with medicines and different types of suggestions on how to be able to get some sleep at night." Appellant testified that since May 2003, he had sought medical attention at least fifteen times "for the stress or depression or anxiety related to this arrest."

Although there is no evidence directly refuting appellant's testimony regarding the effect the pending charge had on his medical condition, there is circumstantial evidence that it was not as severe as he suggested. Appellant admitted that he did not ask his first attorney to expedite the case. When he lost contact with Kinard, and even after he learned that Kinard was no longer practicing law, appellant did not hire new counsel in an effort to move his case forward. Instead, appellant quietly acquiesced as the months passed with no action by the State. Appellant did not obtain new counsel until after the State belatedly filed the information and began to take an active interest in the prosecution, and even then he did not ask for a prompt trial. Appellant's inaction after Kinard dropped out of the case is some evidence that the stress of the pending charges was not as deleterious to appellant's health as he testified. It is also reasonable to assume that appellant would have experienced many of the symptoms of his chronic disease even if the case had been actively pursued by the State following his arrest. On this record, we conclude that the prejudice factor weighs against appellant, although only moderately.

**Balance.** The excessive and unjustified delay in the prosecution of this case weighs heavily against the State. On the other hand, there is no evidence that appellant suffered any actual

prejudice insofar as his ability to prepare a defense is concerned. And even if the stress and anxiety of the pending charge aggravated appellant's medical condition, there is no evidence that he took any affirmative action to seek a prompt resolution of the matter. To the contrary, after losing contact with his first attorney, appellant simply waited for the State to reactivate the prosecution before obtaining new counsel. Appellant's acceptance of the delay of his trial should be compared to the defendant's timely and persistent assertion of his speedy trial right in *Stock v. State*, No. 03-05-00139-CR (Tex. App.—Austin Jan. 22, 2007, no pet. hist.). It is difficult for a defendant to prove that he was denied a speedy trial if he fails to assert the right in a timely and persistent manner. *Barker*, 407 U.S. at 532. Although the question is a close one, we hold that appellant's speedy trial right was not violated and the trial court did not err by overruling the motion to dismiss.

The judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Waldrop

Affirmed

Filed: February 1, 2007

Do Not Publish