

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00086-CR
_____

STEVEN PARR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Comal County, Texas
Trial Court No. 2016CR1627

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Steven Parr pled nolo contendere to driving while intoxicated (DWI), a class B misdemeanor. *See* TEX. PENAL CODE ANN. § 49.04(b) (West Supp. 2018). In accordance with his plea bargain agreement with the State, the trial court sentenced Parr to 180 days' confinement in county jail, but suspended the sentence in favor of placing Parr on twelve months' community supervision. While the terms of his plea bargain recited a $120.00 fine, the judgment included a $240.00 fine.

In his sole point of error on appeal, Parr asserts that the trial court erred in denying his motion to dismiss the information for lack of a speedy trial.[1] After balancing the relevant factors, we conclude that Parr was not denied his right to a speedy trial. However, we modify the trial court's judgment to reflect the proper amount of Parr's fine and affirm the judgment, as modified.

## I.    Standard of Review

"The Sixth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment, guarantees a speedy trial to an accused." *Balderas v. State*, 517 S.W.3d 756, 767 (Tex. Crim. App. 2016), *cert. denied*, 137 S. Ct. 1207 (2017) (quoting *Gonzales v. State*, 435 S.W.3d 801, 808 (Tex. Crim. App. 2014)); *see* U.S. CONST. amends. VI, XIV; *see also* TEX. CONST. art. I, § 10. In his fifth point of error, appellant asserts that the trial court erred in denying his motion to dismiss the information for lack of a speedy trial.

---

[1]Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Third Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

We analyze a speedy-trial claim on an ad hoc basis by applying a fact-specific balancing test. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *Henson v. State*, 407 S.W.3d 764, 767 (Tex. Crim. App. 2013). Whether raised under the federal or state constitution, we weigh and balance four factors: the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice" inflicted by the delay. *Barker*, 407 U.S. at 530; *Henson*, 407 S.W.3d at 767; *Cantu v. State*, 253 S.W.3d 273, 280 n.16 (Tex. Crim. App. 2008). No one factor is necessary or sufficient to establish a violation of the right to a speedy trial; instead, we must weigh the conduct of the prosecution and defendant using a balancing test of the four factors. *Cantu*, 253 S.W.3d at 281 (citing *Barker*, 407 U.S. at 533). The State must satisfy its "burden of justifying the length of the delay" while "the defendant has the burden of proving the assertion of the right and showing prejudice." *Id.* at 280. The four factors are related, and we apply them "with common sense and sensitivity to ensure that charges are dismissed only when the evidence shows that a defendant's actual and asserted interest in a speedy trial has been infringed." *Id.* at 281.

"Review of the individual . . . factors necessarily involves fact determinations and legal conclusions, but the balancing test as a whole is a purely legal question." *Balderas*, 517 S.W.3d at 768; *Cantu*, 253 S.W.3d at 282. In our review, we apply a bifurcated standard in which we review the trial court's determination of historical facts for an abuse of discretion, but review de novo the court's application of the law to the facts. *Balderas*, 517 S.W.3d at 768; *Gonzales v. State*, 435 S.W.3d 801, 808–89 (Tex. Crim. App. 2014); *Cantu*, 253 S.W.3d at 282; *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002).

3

## II.    Analysis

### A.    Length of Delay

The length of the delay is the triggering mechanism for an analysis of the *Barker* factors. *Barker*, 407 U.S. at 530; *Zamorano*, 84 S.W.3d at 648. "The right to a speedy trial attaches when a person becomes an accused," which is when he is arrested or formally charged. *Henson*, 407 S.W.3d at 767; *Cantu*, 253 S.W.3d at 280; *see United States v. Marion*, 404 U.S. 307, 320 (1971).

In this case, Parr was arrested on May 31, 2015, and his plea hearing did not take place until May 8, 2018. "In general, courts deem delay approaching one year to be 'unreasonable enough to trigger the *Barker* enquiry.'" *Balderas*, 517 S.W.3d at 768 (quoting *Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003)); *see Doggett v. United States*, 505 U.S. 647, 651–52 (1992). The State does not dispute that the length of the delay in this case was sufficient to trigger the *Barker* inquiry, and we agree that it was. *See Zamorano*, 84 S.W.3d at 654.

We must also consider "the extent to which the delay stretches beyond the bare minimum" needed to trigger the inquiry. *Doggett*, 505 U.S. at 652; *Balderas*, 517 S.W.3d at 768; *Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003). The longer the delay, the more heavily this factor weighs in favor of finding a speedy-trial violation. *See Balderas*, 517 S.W.3d at 768; *Dragoo*, 96 S.W.3d at 314. Moreover, the nature of the charged offense must also be considered. *Zamorano*, 84 S.W.3d at 649; *see Barker*, 407 U.S. at 531 (explaining, for example, that "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge"). Here, there was a delay of almost three years between Parr's arrest for an ordinary DWI offense and the date of his plea, which is almost two years longer than the one-year

4

minimum needed to trigger the *Barker* inquiry. We conclude that the length of the delay in this case weighs heavily against the State.

## B. Reason for Delay

Once the length of time is found to be presumptively prejudicial, the burden of justifying the delay falls on the State. *Cantu*, 253 S.W.3d at 280. Different weights are assigned to different reasons for delay. *Barker*, 407 U.S. at 531; *Hopper v. State*, 520 S.W.3d 915, 924 (Tex. Crim. App. 2017); *Balderas*, 517 S.W.3d at 768. A deliberate attempt to delay trial to hamper the defense is weighed heavily against the State. *Barker*, 407 U.S. at 531; *accord Vermont v. Brillon*, 556 U.S. 81, 90 (2009); *Balderas*, 517 S.W.3d at 768; *Zamorano*, 84 S.W.3d at 649. More neutral reasons, such as negligence or crowded dockets, are also weighed against the State, but less heavily than deliberate delay. *Barker*, 407 U.S. at 531; *Hopper*, 520 S.W.3d at 924; *Balderas*, 517 S.W.3d at 768; *Zamorano*, 84 S.W.3d at 649. Valid reasons, such as a missing witness or delay caused by plea negotiations, are not weighed against the State at all. *Barker*, 407 U.S. at 531; *State v. Munoz*, 991 S.W.2d 818, 824 (Tex. Crim. App. 1999); *see Balderas*, 517 S.W.3d at 768; *Dragoo*, 96 S.W.3d at 314. Finally, if an accused's own actions constitute the majority of the reason for the delay in trial, this factor weighs against his speedy-trial claim. *Hopper*, 520 S.W.3d at 924; *Balderas*, 517 S.W.3d at 768.[2]

---

[2]Delay that is attributable in whole or in part to the defendant may constitute a waiver of the speedy-trial claim. *Munoz*, 991 S.W.2d at 822; *see Barker*, 407 U.S. at 528–30; *Dickey v. Florida*, 398 U.S. 30, 48 (1970) (Brennan, J., concurring) (defendant may be "disentitled to the speedy-trial safeguard in the case of a delay for which he has, or shares, responsibility").

There is no evidence of deliberate delay in this case. Parr was arrested on May 31, 2015, and was released after paying the surety bond on the same day. Following his arrest, while Parr was out on bond, the initial postponement appears to have been caused by the State's delay in filing the information, which only occurred on December 5, 2016. The only reference to the reason for that delay was the State's argument, without proof, that it took time "to complete [the] investigation, receive evidence, [and] make sure witnesses [were] in order." "[T]he State must offer argument and proof to sustain its burden on this factor." *McIntosh v. State*, 307 S.W.3d 360, 367 (Tex. App.—San Antonio 2009, pets. ref'd). The record next reflects that, on June 27, 2017, Parr was ordered to appear at an arraignment set for July 27, 2017. The delay between the December 5, 2016, filing of the information and the original arraignment date is also wholly unexplained.

There was an additional, unexplained delay from the July 27 arraignment date until August 24, 2017, when the trial court ordered appointment of counsel for Parr, who was found indigent after becoming unemployed.[3] On the same day, at Parr's request, the case was reset for "Arraignment/PT" on October 19, 2017. On October 18, 2017, in a waiver of arraignment, Parr made a four-word request for a speedy trial. On October 27, 2017, the case was reset for a pretrial hearing on December 12. By agreement of all parties, on December 13, 2017, the trial court set the speedy-trial motion for a hearing on January 29, 2018. On January 8, 2018, Parr filed a formal

---

[3]The record does not indicate that Parr was indigent when he was arrested. Instead, the record reflects that Parr had posted a surety bond and had gainful employment until June 17, 2017, at which point he became a "student using [the] G.I. Bill."

motion to set aside the information for the lack of a speedy trial. On February 1, the case was set

for a jury trial on May 14, 2018. Parr pled nolo contendere on May 8, 2018.

Because the delay is presumptively prejudicial, the State bore the burden of justifying it.

The record demonstrates that the delay was not due to any deliberately hampering action of the

State, but no proof was offered as to the majority of the delay in this case.[4] However, Parr agreed

to reset this case on December 13, after the case was set for a pretrial hearing at which he could

have presented a speedy-trial motion. Thus, Parr acquiesced in part of the delay. Yet, on these

facts, we conclude that the reason-for-delay factor weighs slightly against the State.

## C.    Assertion of Right

"The defendant has no duty to bring himself to trial; that is the State's duty. But a defendant

does have the responsibility to assert his right to a speedy trial." *Cantu*, 253 S.W.3d at 282 (citing

*Barker*, 407 U.S. at 527–28); *accord Hopper*, 520 S.W.3d at 924. "Therefore, the defendant's

assertion of his speedy-trial right (or his failure to assert it) is entitled to strong evidentiary weight

in determining whether the defendant is being deprived of the right." *Cantu*, 253 S.W.3d at 283.

A defendant's lack of a timely and persistent demand for a speedy trial "indicates strongly

that he does not really want a speedy trial," *Dragoo*, 96 S.W.3d at 314 (quoting *Harris v. State*,

827 S.W.2d 949, 957 (Tex. Crim. App. 1992)), and "that he was not prejudiced by [the] lack of

one," *id.*; *see Balderas*, 517 S.W.3d at 771. Furthermore, the longer the delay becomes, the more

---

[4]While the case was once reset at Parr's request on August 24, 2017, the request came on the same day as Parr received appointed counsel. Therefore, we need not hold that this request for delay constituted a waiver of the right to speedy trial.

7

likely it would be that a defendant who wished a speedy trial would take some action to obtain it. *Balderas*, 517 S.W.3d at 771; *Dragoo*, 96 S.W.3d at 314. "Thus, 'inaction weighs more heavily against a violation the longer the delay becomes.'" *Balderas*, 517 S.W.3d at 771 (quoting *Dragoo*, 96 S.W.3d at 314); *see Cantu*, 253 S.W.3d at 284 ("Under *Barker*, appellant's failure to diligently and vigorously seek a rapid resolution is entitled to 'strong evidentiary weight.'") (quoting *Barker*, 407 U.S. at 531–32).

A waiver of arraignment form containing a *pro forma* request for a trial date does not constitute an assertion of the right to speedy trial. *Munoz*, 991 S.W.2d at 826. Parr did not make his first four-word request for a speedy trial, which simply stated that he requested a speedy trial, until he filed a waiver of arraignment on October 17, 2017.[5] Even assuming Parr's four-word statement constituted an assertion of the right to speedy trial, it was made more than two years and four months after he was arrested and ten months after he was formally charged.

Moreover, even though, on October 27, 2017, the case was reset for a pretrial hearing on December 12, Parr agreed, on December 13, to re-set the case for trial so the court could hear his four-word speedy-trial motion. The hearing was set for January 29, 2018. Before the hearing, on

---

[5]In *Cantu*, the Texas Court of Criminal Appeals held that "invocation of the speedy trial provision . . . need not await indictment, information, or other formal charge." *Cantu*, 253 S.W.3d at 284 (quoting *Dillinham v. United States*, 423 U.S. 64, 65 (1975)). Although an accused cannot file a motion for speedy trial (or a motion to dismiss an information) until formal charges are filed, "his 'silence during the entire pre-indictment period works against him because it suggests that any hardships he suffered were either minimal or caused by other factors.'" *Id.* (quoting *United States v. Palmer*, 537 F.3d 1287, 1288 (5th Cir. 1976)). The court explained that an accused who has been arrested but not charged has a choice to: (1) wait until he is charged, file a motion for a speedy trial, and, if the trial court does not grant the motion, file a motion to dismiss; or (2) wait until he is charged and file a motion to dismiss, but only "if he can show that he diligently tried to move the case into court before formal charges were filed." *Id.*; *see also Sinclair v. State*, 894 S.W.2d 437, 440 (Tex. App.—Austin 1995, no pet.) (per curiam) (weighing against defendant her limited efforts to assert her speedy-trial right during delay between arrest and indictment).

January 8, 2018, Parr filed his formal motion to set aside the information for the lack of a speedy trial. The motion, filed after Parr agreed to delay the trial, requested dismissal of the charges and indicated a desire to have no trial instead of a speedy one. *See Cantu*, 253 S.W.3d at 283; *see also Balderas*, 517 S.W.3d at 771.

Parr's delay in filing his four-word request for a speedy trial and his motion to dismiss the information were inconsistent with a demand for speedy trial. *See Henson*, 407 S.W.3d at 769; *Shaw v. State*, 117 S.W.3d 883, 890 (Tex. Crim. App. 2003). Accordingly, this factor weighs heavily against Parr and against finding a violation of his right to speedy trial.

### D. Prejudice Caused by the Delay

Prejudice is assessed in light of the three interests a speedy trial is designed to protect: (1) "prevent[ing] oppressive pretrial incarceration"; (2) "minimize[ing] anxiety and concern of the accused"; and (3) "limit[ing] the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532; *Hopper*, 520 S.W.3d at 924; *Balderas*, 517 S.W.3d at 772. Of these three, the most serious is the last, because the inability of a defendant . . . to prepare [a defense] skews the fairness of the entire system." *Barker*, 407 U.S. at 532; *Balderas*, 517 S.W.3d at 772; *Gonzales*, 435 S.W.3d. at 812. "A defendant has the burden to make some showing of prejudice, [although] a showing of actual prejudice is not required." *Balderas*, 517 S.W.3d at 772; *Munoz*, 991 S.W.2d at 826.

Here, with regard to the first interest, Parr was arrested on May 31, 2015, and was released on bond the same day. Thus, Parr was out on bond at all relevant times, so he was not prejudiced by pretrial incarceration.

9

With respect to the second interest, Parr testified that the pending charge "stressed [him] out and caused [him] to have" "insomnia" and "nightmares." While the interest that the speedy-trial right is intended to protect in this regard is to minimize the anxiety and concern accompanying a public accusation, *see Barker*, 407 U.S. at 532; *Henson*, 407 S.W.3d at 766, the claims as asserted in Parr's testimony fail to demonstrate that he suffered anxiety or concern beyond the level normally associated with a criminal charge. *See Cantu*, 253 S.W.3d at 286 ("[E]vidence of generalized anxiety, though relevant, is not sufficient proof of prejudice under the *Barker* test, especially when it is no greater anxiety or concern beyond the level normally associated with a criminal charge or investigation." (citing *Shaw*, 117 S.W.3d at 890)).[6]

Finally, with respect to the third interest, we must presume that the lengthy delay here did adversely affect Parr's ability to defend himself, but "this presumption is extenuated by [an] appellant's longtime acquiescence in the delay." *Shaw*, 117 S.W.3d at 890. Moreover, we note that Parr did not claim that his defense was impaired in his motion to set aside the information for lack of a speedy trial. At the hearing, however, Parr attempted to show that his defense was impaired because the passage of time lead to the loss of a favorable witness. He testified that his then-girlfriend, Katrina Cantu, was his passenger on the night of his arrest, but that he had lost contact with her in 2017 and was not sure if she was still living in the United States. Parr later admitted that Cantu was passed out in the vehicle during the accident which led to his arrest.

---

[6]Parr was required to stay in the area as a condition of his bond. He testified that he works "as a barber and cosmetologist" and that he was unable to take "several opportunities in film trucks to work on sets out of the state" due to the pending charge. During cross-examination, Parr admitted that he could find employment at barber shops in the area despite the charge.

Although Parr claimed that Cantu could offer evidence of his consumption of alcohol, or lack thereof, the State negated the need for Cantu's testimony on this matter by offering into evidence, without objection, a laboratory report demonstrating that Parr's blood alcohol concentration was .114 grams of alcohol per 100 milliliters of blood after the accident.

In short, on this record, the trial court could have reasonably concluded that Parr failed to demonstrate sufficient prejudice. Therefore, this factor weighs against finding a violation of his right to speedy trial.

### E.      Balancing the Factors

Dismissal of criminal charges is a "radical remedy." *Cantu*, 253 S.W.3d at 281 (citing *Barker*, 407 U.S. at 522). Therefore, "courts must apply the *Barker* balancing test with common sense and sensitivity to ensure that charges are dismissed only when the evidence shows that a defendant's actual and asserted interest in a speedy trial has been infringed." *Id*. (citing *Barker*, 407 U.S. at 534–35). "The constitutional right is that of a speedy trial, not dismissal of the charges." *Cantu*, 253 S.W.3d at 281.

Balancing all the *Barker* factors, we conclude that Parr was not denied his right to a speedy trial. Weighing in favor of finding a violation of Parr's speedy-trial right is the excessive delay without sufficient explanation for a majority of the delay. However, weighing against finding a violation of the right is Parr's failure to timely assert the right to a speedy trial, his request to dismiss the charges against him after agreeing to delay the trial, and his failure to demonstrate prejudice.

11

Balancing the relative weights of the four factors, we conclude that Parr failed to show that he was entitled to relief for lack of a speedy trial. We therefore hold that the trial court did not err in denying his motion to dismiss the information based on a speedy-trial violation. Accordingly, we overrule Parr's sole point of error.

## III. The Fine Listed in the Judgment Is Modified

The plea bargain agreement, terms of community supervision, and oral pronouncement by the trial court all reflected that Parr was fined $120.00. However, the judgment mistakenly reflects that the fine was $240.00. Thus, the judgment contains a clerical error.

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* TEX. R. APP. P. 43.2(b) (authorizing court of appeals to modify trial court's judgment and affirm it as modified); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (concluding that Texas Rules of Appellate Procedure empower courts of appeals to reform judgments). Accordingly, we modify the judgment to properly reflect that Parr was fined $120.00.

## IV. Conclusion

We modify the trial court's judgment to reflect a fine of $120.00. As modified, we affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:     January 2, 2019
Date Decided:       February 8, 2019

Do Not Publish